## Carlos Cobb, Respondent, *v.* Samuel P. Knapp, Appellant.

One purchasing goods for another makes himself personally liable, if he contracts in his own name without disclosing his principal ; and this, although the seller supposes the purchaser is acting as agent ; it is not sufficient to clear the agent from liability that the seller has the means of ascertaining the name of the principal; he must have actual knowledge.

In an action to recover for wheat alleged to have been sold by plaintiff to defendant, which was in fact purchased by the latter for third persons, plaintiff's evidence was to the effect that the principal was not disclosed, but that defendant expressly purchased on his own credit and directed the goods to be charged to him; he stated that the wheat was for the "Blissville Distillery," and was to be delivered there. Plaintiff testified he did not know the proprietors of the distillery; *held*, that the evidence was not conclusive as to a disclosure of the principals, and that a nonsuit was properly denied.

Also, *held*, that a subsequent disclosure of the principals by defendant, and the commencement of an action against them by plaintiff was not conclusive of an election to hold them only responsible ; that the fact of commencing such action, and the statements in the complaint were proper to be considered by the jury on the question of knowledge as to the principals, but did not operate as a legal discharge.

*Waddell* v. *Mordacai* (3 Hill [So. Car.], 22) ; *Southwell* v. *Bowditch* (1 L. R. C. P., 100 [S. C.], 374) distinguished.

(Argued November 22, 1877; decided December 4, 1877.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 10 J. & S., 91.)

The nature of the action and facts are sufficiently set forth in the opinion.

*William A. Coursen,* for appellant.   There was a sufficient disclosure by defendant of his principal.   (*Waddell* v. *Mordacai,* 3 Hill [So. Car.], 22; 2 Kent's Com., 631; *Southwell* v. *Bowditch,* N. Y. Wkly. Dig., Oct. 2, 1876; *Page* v. *Stone,* 10 Met., 160; *Hale* v. *Laudendale,* 46 N. Y., 75; *Eaton* v. *Bell,* 5 B. & Ald.; *Owen* v. *Gooch,* 2 Esp., 567.)   Plaintiff could not maintain this action ; an action having been commenced and being still pending against defendant's principal. (Story on Ag. [7th ed.], 225; *Priestly* v. *Fernie,* 3 H. & C., 983; *Borell* v. *Trewell,* 3 Daly, 233; *Fitzsimmons* v. *Baxter,* id 87.)

*Albert Matthews,* for respondent.   Defendant not having disclosed his principal, and the credit having been given to him individually, he was liable.   (*Meeker* v. *Claghorn,* 44 N. Y., 349; Story on Ag., §§ 167, 169, 266, 267; *Pentz* v. *Stanton,* 10 Wend., 277; *Md. Coal Co.* v. *Edwards,* 4 Hun, 432; *Coleman* v. *Bk. of Elmira,* 53 N. Y., 393; *Hovey* v. *Pitcher,* 13 Mo., 200; *Waring* v. *Mason,* 18 Wend., 435; *Mills* v. *Hunt,* 20 id., 433; *Raymond* v. *Eagle Mills,* 2 Metc., 319; *Thompson* v. *Davenport,* 9 B. & C., 78; *Morrison* v. *Currie,* 4 Duer, 85; *Huntington* v. *Brinckerhoff,* 10 Wend., 278; *Westmoreland* v. *Davis,* 1 Ala. [N. S.], 301.) The action against defendant's principal not having been prosecuted to judgment was no bar to this action.   (Chitty on Con. [11th Am. ed.], 308 and note; Story on Ag. [8th ed.], § 295, p. 383, note 4; *Nelson* v. *Powell,* 3 Dougl., 410 and note; Wheaton on Ag., § 473 and note; *Raymond* v. *Eagle Mills,* 2 Metc., 320–327; *Curtis* v. *Williamson,* 10 Q. & B. [L. R.], 57; *Mason* v. *Cockcroft,* 3 Duer, 69, 366; *Beymar* v. *Bonsal,* 79 Penn., 298; *Coleman* v. *Bk. of Elmira,* 53 N. Y., 394.)

CHURCH, Ch. J.   This was an action for the purchaseprice of a quantity of wheat alleged to have been sold by the plaintiff to the defendant.   The defense was that the defendant purchased the wheat as agent or broker for C. A.

Steen & Co. It seems to have been conceded that the defendant did in fact purchase the wheat, as a broker, for the firm named, who were his principals, and the main contention on the trial was whether the defendant at the time of the purchase disclosed his principals, and whether he made the purchase in his own name and upon his own responsibility. The only exception in the case is upon a refusal to grant a nonsuit, and a request to direct a verdict for the defendant. The court charged the jury that a broker, although acting for another, makes himself personally liable if he contract in his own name, and without disclosing the name of his principal, and that this would be so, although the seller supposed at the time that he was acting as a broker or agent for another; that the subsequent disclosure of the principal, and the commencement of an action against him by the seller, would not discharge the broker from personal liability. There were no exceptions to the charge, and I do not understand that the learned counsel for the appellant claims that it was erroneous in these respects; but he insists, from the facts appearing in the case, a nonsuit should have been granted or verdict ordered for the defendant. There was a sharp conflict of evidence between the parties as to what took place at the time of the contract. This court has no power to review the facts any further than to ascertain whether they are sufficient upon any construction, which the jury were authorized to give them to justify a verdict, and whether any fact was conclusively proved which, as matter of law, entitled the defendant to a verdict. The credibility of witnesses, the construction of ambiguous evidence, and in general inferences to be drawn from circumstances, are exclusively for the jury. These views have been so often reiterated by this court, that it seems idle to refer to them, and quite unnecessary to cite authorities to sustain them. It is natural that parties, who feel aggrieved by verdicts, should struggle to have what they regard as injustice remedied, and hence it is the almost daily experience of this court to have questions of fact pressed

upon our attention in some form as questions of law, while, except in a few cases, the review of facts is confined by statute to the Special and General Terms of the courts below. Our jurisdiction is fixed by the constitution and the statute, and we have no authority to depart from their limitations. In this case the evidence of the defendant, which was to some extent corroborated, if true, established clearly a case of non-liability. He testified that he purchased the wheat for Steen & Co., and so informed the plaintiff, and that it was understood that Steen & Co. was to pay the purchase-price, and that the plaintiff did not make any claim against him at the time, nor for several years afterwards. But for the purpose of determining whether it was a legal error to deny the motion for nonsuit, we must take the evidence of the plaintiff. If that was sufficient to sustain the action, the jury had a right to adopt it. The plaintiff testified that not only was the principal not disclosed, but that the defendant expressly purchased the wheat on his own credit, and directed that it be charged to him; that it was charged to him, and a bill made against him, which he repeatedly promised to pay. If the jury adopted the plaintiff's evidence, it made a clear case of liability. (Story on Agency, §§ 266, 267; 44 N. Y., 349.) It is argued that because the defendant stated that the property was for the "Blissville Distillery," and was to be delivered there, that was a sufficient disclosure of the principal, but this is not conclusive. The plaintiff states that he did not know the proprietors of the distillery, and that the defendant directed the property to be charged to him.

The case of *Waddell* v. *Mordecai* (3 Hill [South Carolina Rep.] 22), is cited. That was an action against the defendant to recover $100 paid on a contract executed by the defendant as agent of a brig, and signed "M. C. Mordecai for the owners." The agent had paid the money to his principals before the commencement of the action, and the court held that the plaintiffs could not recover. The learned judge who delivered the opinion reasoned that the disclosure was

sufficient, but put the decision upon the ground mainly, that it appearing that the defendant had acted in good faith and delivered the money to his principals, the equitable action for money had and received could not be sustained. The general current of authority is against the sufficiency of such a signing to relieve the agent from liability, but it is unnecessary to express an opinion of its correctness, because in this case the agent, if the plaintiff's evidence is to be credited, contracted expressly on his own credit. The other case depended on is *Southwell* v. *Bowditch*, (1 Law Rep. [Com. Pleas Div.] 100, and same case on Appeal, p., 374.) The contract signed by the defendant was: " I have this day sold by your order, and for your account to my principals, five tons," etc. The Common Pleas Division held this to be a contract of purchase by the broker, and that he was liable. The Court of Appeals reversed the decision, holding that it was a contract of sale by the broker, and not of purchase, and that it must be construed according to its tenor like other contracts. This decision does not aid the defendant.

The case of *Raymond* v. *The Proprietors of the Crown and Eagle Mills* (2 Met., 319), is in point for the plaintiff. The agent purchased goods saying they were for C. &. E. Mills, and ordered them to be so marked. They were charged to the agent. The C. & E. Mills were a corporation. At the trial the judge charged that these facts were not conclusive evidence of the knowledge of the plaintiffs, that R. was the agent, and the Crown and Eagle Mills the principal, and the Supreme Court sustained the decision, holding that the language was ambiguous, and was properly left to the jury. Here the distillery named was not a corporation, and its name, therefore, conveyed no idea of its owners. It is not sufficient that the seller may have the means of ascertaining the name of the principal. If so, the neglect to inquire might be deemed sufficient. He must have actual knowledge. There is no hardship in the rule of liability against agents. They always have it in their own power to relieve

themselves, and when they do not, it must be presumed that they intend to be liable.

The subsequent disclosure of the principals by the agent, and the commencement of an action against them is not conclusive of an election to hold them responsible only. (2 Met., *supra*; 10 Queen's Bench [L. R.] 57.) In the recent case of *Beymer* v. *Bonsall* (79 Penn., R., 298), it was held that neither the agent nor principal in such a case would be discharged short of satisfaction. The fact of commencing the action and the statements in the complaint were proper for the jury upon the contested fact, but they did not operate as a legal discharge. It was claimed by the plaintiff that the action was commenced upon the representation of the defendant, that a certain responsible person was a member of the firm of Steen & Co., which was untrue; but, however this was, it did not discharge the defendant.

The case was properly submitted to the jury, and if the result is wrong, it was the error of the jury. We are unable to find any exception in the case justifying a reversal of the judgment, and it must be affirmed.

All concur.

Judgment affirmed.