HERMAN SIMMONS et al., Respondents, *v.* ISAAC H. MORE et al.,
Appellants.

Where one, assuming to act as agent, executes a written contract in that capacity in the name of the alleged principal, a contract on his part is implied from the instrument that he had authority to make it in behalf of the person named as principal; and where the contract is entered into by the other party in reliance upon the assumed authority, in case the agent had not authority he is liable for the damages sustained by reason of the breach of his implied contract.

Where a contract so made by an assumed agent is for the purchase of goods, and is sufficient in form to satisfy the provision of the statute of frauds, declaring void an executory contract for the sale of goods of greater value than $50, unless in writing, the fact that the contract is invalid as against the alleged principal does not make the statute a good defense in favor of the agent in an action for breach of his implied warranty of authority.

(Argued June 24, 1885 ; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city and county of New York, entered upon an order made March 15, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought to recover damages for alleged breach on the part of defendants of an implied warranty of authority to execute a contract of purchase made by them ostensibly as agents for, and on behalf of, principals named.

The material facts are stated in the opinion.

*Adolph L. Sanger* for appellants. If defendant had no authority to contract, then the memorandum of sale was not signed by the " parties to be bound," nor by their duly authorized agent, and the contract was void as being within the statute of frauds. (*Stone* v. *Browning*, 68 N. Y. 598; *Heermance* v. *Taylor*, 14 Hun, 149; *S. C.*, 51 N. Y. 211; 2 R. S. 136, § 3.) The defendants are not required to plead facts, and advantage may be taken upon the trial of any evidence showing that a contract is within the statute of frauds, although the statute is not itself pleaded. (*Haight* v. *Child*, 34 Barb. 186; *Morrell* v. *Cooper*, 65 id. 512.) The denial of the making of the contract as alleged in the complaint is one of the methods of interposing the statute of frauds as a defense, and throws the burden of affirmatively establishing the agreement and its validity upon the plaintiffs. (Moak's Van Santv. Pl. 555.) The effect of the denial in defendants' answer is sufficient. (*Calhoun* v. *Hallen*, 25 Hun, 155; *Allis* v. *Leonard*, 46 N. Y. 688.) Assuming that defendants were acting as the agents of the Galveston merchants, defendants had authority to purchase the coffee. (*Newman* v. *Sylvester*, 42 Ind. 106; 2 Whart. on Ev. , § 1343; *Aspinwall* v. *Torrance*, 1 Lans. 381; *Walker* v. *Bk. of N. Y.*, 9 N. Y. 582; *Hall* v. *Lauderdale*, 46 id. 74.) Whatever authority Steele had to make the purchase, when that was done his connection with the transaction virtually ceased. No declaration on his part could affect his principals. (*Vail* v. *Judson*, 4 E. D. Smith, 165; *Martin* v. *Farnsworth*, 49 N. Y. 555; Story on Agency, §§ 133, 136, 165;

Wharton on Agency, § 530 ; *Hall* v. *Lauderdale*, 46 N. Y. 70 ; 1 Pars. on Cont. 65, note 1 ; *Raynor* v. *Grote*, 15 M. & W. 359 ; *Thompson* v. *Davenport*, 9 Barn. & Cres. 78, 86, 88 ; *Aspinwall* v. *Torrance*, 1 Lans. 381 ; *Newman* v. *Sylvester*, 42 Ind. 113.) The court erred in submitting to the jury to determine whether the plaintiffs were induced by their conversation with Steele to ship the goods to Galveston. (*Claflin* v. *Lenheim*, 66 N. Y. 301 ; 2 Kent's Com. 644, 645, m. p. ; *Vail* v. *Jordan*, 4 E. D. Smith, 165.) The defendants had the right to countermand the sale, and the goods having been shipped in spite of such countermand, the plaintiffs had no right to saddle their loss upon the defendants. (*Dillon* v. *Anderson*, 43 N. Y. 232.) They must so act as to make their damage as light as possible. (*Parsons* v. *Sutton*, 66 N. Y. 98 ; *Hamilton* v. *McPherson*, 28 id. 72 ; *Clark* v. *Maretha*, 1 Denio, 317 ; *Miller* v. *Trustees, etc.*, 7 Greenl. [Me.] 51 ; 1 Sedgw. on Dam. [7th ed.] 164, 166, note ; *Hardin* v. *Dalton*, 1 Carr. & P. 181 ; *Smith* v. *Pettee*, 70 N. Y. 13 ; *Cohen* v. *Platt*, 69 id. 348 ; *Mather* v. *Butler Co.*, 28 Iowa, 253.)

*W. C. Beecher* for respondents. Where the parties undertake to do any act as the agent of another, if they do not possess the authority which they assume, or if they exceed the authority delegated to them, they will be personally responsible therefor to the person so dealing with them. (*White* v. *Madison*, 26 N. Y. 117, 124 ; *Baltzen* v. *Nicolay*, 53 id. 467.) It does not relieve them from responsibility that they acted in good faith, and really believed that they were acting within their authority. (*Noe* v. *Gregory*, 7 Daly, 283 ; Story on Agency [8th ed.], § 264.) If defendants wished to raise the question whether these contracts did or did not comply with the requirements of the statute, they should either have denied the making of the contracts set out or else have pleaded that they were invalid under the statute. (*Marston* v. *Swett*, 66 N. Y. 201 ; *Duffy* v. *O'Donovan*, 46 id. 223 ; *Graham* v. *Cozin*, 2 Paige, 171, 181.) The allegation in the complaint that the defendants made the contract sued on, not

being denied by the answer, is to be taken as true, and cannot afterward be questioned. (Code of Civ. Pro., § 522.) Exceptions raise no question on appeal where no specific grounds are stated for the objections. (*Daly* v. *Byrne*, 77 N. Y. 182; *Schile* v. *Brockhahus*, 80 id. 615 ; *Harris* v. *Wade*, 61 id. 630 ; *Cushman* v. *U. S. Ins. Co.*, 70 id. 72 ; *Tooley* v. *Bacon*, id. 34 ; *Wilkinson* v. *Gill*, id. 63.)

DANFORTH, J. The trial court refused to nonsuit the plaintiffs, and so held that the case stated and proved by them was *prima facie* sufficient to make the defendants liable. That conclusion has been sustained by the General Term and we think properly. The evidence showed that the plaintiffs were coffee dealers in the city of New York, and the defendants brokers in the same place. The latter were in correspondence with other brokers (Turnley & Co.) of the city of Galveston, Texas, and prior to the 6th of March, 1882, received from them orders to buy a certain quantity of coffee for the firm of Marx & Kempner, and a certain other quantity for Moore, Stratton & Co. of Galveston. This was done, and bought-and-sold notes describing the contracts as between the plaintiffs and these firms respectively were signed by the defendants in their firm name as brokers. It was apparent, therefore, upon the face of the paper that they were contracting on behalf of others and could not be personally liable as purchasers (*Fleet* v. *Murton*, L. R., 7 Q. B. 126), but from such an instrument a contract is to be implied that they had authority to make it in behalf of the persons named (*Fairlie* v. *Fenton*, L. R., 5 Ex. 769), and on this the plaintiffs relied. They caused the coffee. to be procured and at once taken to the dock for shipment as directed to the Galveston merchants, but on arrival at that place it was refused by them on the ground that the delivery in point of time was not in conformity with the orders. It then appeared that the orders actually given by them to Turnley & Co. required in each instance a shipment on the 6th of March. This, however, was not communicated to the plaintiffs, nor made a part of the contract, nor was it in fact

known to the defendants. They obeyed the order, as it was received from their correspondents, but they executed it in the name of the principals and so assumed the risk of its correctness.

*First.* The plaintiffs have no cause of action against the principals, for the order they executed was not their order. Hence it was given by the defendants in excess of authority, and there seems no reason why they should not make good all damages which the plaintiffs sustained in consequence of their belief that the authority assumed did in fact exist. (*Baltzen* v. *Nicolay*, 53 N. Y. 467.)

*Second.* The contract was admitted by the pleadings, and was, moreover, sufficient in form' to satisfy the statute of frauds. The defendants are held liable, because they had no authority to make it, and hence, though sufficient in form, it cannot be enforced against the apparent principal.

*Third.* The damages recovered were only those directly caused by the assertion of the defendants that they had authority. The amount was warranted by the evidence, and the question was submitted to the jury with proper instructions. Whether their verdict was excessive is not the proper subject for inquiry.

The order denying a new trial was not appealed from, and the only questions properly before us relate to the correctness of the judgment. In that we find no error and think it should be affirmed.

All concur.

Judgment affirmed.