JEFFERSON PATTEN, Jr., *et al.,* Responaents, *v.* RICHARD
PANCOAST *et al.*, Appellants.

*Court of Appeals, March* 20, 1888.

1. *Question of fact.*—Where the evidence in respect to the terms of an
oral contract, and the intent of the parties, is conflicting, it is the
province of the jury to decide what was their agreement. It is
for the judge to decide whether there is any evidence; but it is
for the jury to decide as to its sufficiency.

Action to recover damages for the breach of an alleged
contract on the part of defendant to deliver a quantity of
iron pipe. The defense, among other things, was that de-
fendants, in making the contract, acted simply as agents
for the Reading Iron Works.

Appeal from a judgment of the general term of the su-
perior court of the city of New York, affirming a judgment
in favor of the plaintiff, entered upon a verdict, and an
order denying a motion for a new trial.

*Royer A. Pryor*, for appellants.

*Cephas Brainard*, for respondents.

GRAY J.—It was error for the court to withhold from the
jury upon the trial the question of whether the defendants,
in their transactions with the plaintiffs, acted as agents for
others, or on their own behalf as principals.

The contract which the parties made for the purchase and
delivery of the pipe was oral, and in such case it is the
province of the jury, where the evidence in respect of the
terms of the contract and of the intent of the parties is
conflicting, to decide what was their agreement. It is the
province of the court to construe written contracts; but

oral agreements and negotiations, which are disputed by the parties, are to be considered and determined by the jury.

Applying these safe and well settled rules of law to the present case, we find the defense set up in the defendants' answer that they acted as agents of the Reading Iron Works, and not otherwise, not to be without some support in the evidence taken on the trial. The plaintiff's evidence would, if taken by itself, perhaps prove that in the negotiations for the sale of the pipe, defendants did not disclose any agency nor intimate where the iron was to come from, or that others were concerned in the transaction. These negotiations were conducted by one of the partners in each firm. But the fact appeared in plaintiffs' case that the name of the Reading Iron Company appeared over the defendants' office door and their agency for that company was printed upon their bill heads. While of themselves these facts might not be of sufficient weight to be submitted to the jury's consideration as proof of the alleged agency, yet, when taken in connection with the testimony of Mr. Tarr, one of defendant's firm, that he told one of the plaintiffs for whom the contract was to be made, and that he told Mr. Patten he would submit his (Patten's) specifications for a certain quantity of pipe to the Reading Company, and would subsequently give him a price for it, and that he subsequently disclosed to Mr. Patten that he had seen Mr. Coit, of the Reading Company, about the matter, a cluster of facts is presented from which the jury might or might not infer that the negotiations were had on the basis of defendants acting therein as agents for the Reading Company.

However slight the proof is on this point we are unable to say that if a verdict was rendered for the defendants it would be the duty of the court to set it aside as against the weight of evidence, or that the appellate court could reverse the judgment thereon. When the statement of the plaintiffs in reference to the subject is contradicted by and is irreconcilable with the statement of defendants, the ulti-

mate decision should be with the jury. It is for the judge to decide whether there is any evidence; but it is for the jury to decide as to its sufficiency. It is for them to draw the inferences from the proofs and not for the court.

Whether the defendants contracted as principals, and, therefore, are personally responsible, or whether the plaintiffs knew of their agency in the matter, was made a question in this case, and much of the evidence bore upon it.

On the one hand, if their agency in the matter was not disclosed or known, they treated as principals with the plaintiffs and must be held liable as such; while, on the other hand, if they merely treated with them as agents of another, and the plaintiffs so understood the fact to be, they would not be liable for the default of their principals.

Inasmuch as the actors in the transaction gave contradictory evidence in giving their version of what took place, it was proper that it should be left to the jury to draw the inferences for a decision from the circumstances and the credibility of the witnesses. Cobb *v.* Knapp, 71 N. Y. 348.

Sufficient has been said to indicate the grounds upon which we hold the ruling of the trial judge to have been error, and that the judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.