PHILETUS P. ARGERSINGER et al., Respondents, *v.* RAMSEY MACNAUGHTON, Appellant.

Unless the character or quality of goods consigned to a commission merchant to sell is communicated to him by the consignors, it is his duty to ascertain what they are in that respect and put them upon the market only as such. No authority to undertake that the goods are in any respect other or different from what they are may be inferred from the simple power to sell.

In an action to recover damages for an alleged breach of warranty, it appeared that defendant, a commission merchant, as such, sold to plaintiffs a quantity of antelope skins, with a warranty as to quality, and that there was a breach of such warranty; that plaintiffs knew defendant was acting as agent in making the sale, but defendant did not disclose to them, nor did it appear that they knew the names of the principals. It did not appear that the principals gave defendant any description of the quality or condition, or that he acted otherwise than on his own knowledge or judgment in that respect in making the sale and warranty, nor was it found that he had authority from his consignors to warrant the goods. Evidence was given by defendant that it was the custom in the trade for commission dealers not to warrant goods sold. *Held,* that the warranty was defendant's undertaking and he was liable for its breach; that in such case the presumption is that the responsibility is upon the person with whom the vendee deals, and he is not required to look elsewhere.

*Wright* v. *Cabot* (89 N. Y. 570); *Nichols* v. *Martin* (35 Hun, 168) distinguished.

Also, *held,* that plaintiffs were not required to return the goods on discovery of the breach, but had the right to retain them and seek their remedy upon the warranty.

(Argued June 4, 1889; decided June 11, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 4, 1886, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee against the defendant.

The nature of the action and the facts are sufficiently stated in the opinion.

*A. Blumenstiel* for appellant. An agent is not liable for acts done as such on behalf of the principal when the party deal-

ing with him knows that he is treating with him as an agent and not as principal, provided that it does not appear that the agent exceeded his authority. (*Buck* v. *Amidon*, 4 Daly, 126; *Simmons* v. *More*, 100 N. Y. 143; *Kirkpatrick* v. *Stainer*, 22 Wend. 244; *Waite* v. *Borne*, 7 St. Rep. 113, 115, 117; *Bliss* v. *Bliss*, 7 Bos. 339, 345, 346; *Judson* v. *Stilwell*, 26 How. Pr. 513, 523; *Nichols* v. *Martin*, 35 Hun, 168–171.) An agent authorized to sell may warrant the property and bind his principal in such respect by his declaration. (*Ahern* v. *Goodspeed*, 72 N. Y. 108; *Kirkpatrick* v. *Stainer*, 22 Wend. 244.) An agent acting within the scope of his authority, and disclosing his agency, will not be personally bound unless upon clear and explicit evidence of such an intention. (*Hall* v. *Lauderdale*, 46 N. Y. 70, 74; *Meeker* v. *Claghorn*, 44 id. 349.)

*James A. Dennison* for respondents. The factor who sells goods to the purchaser without disclosing the name of the principal for whom he sells, is liable upon the contract so made as principal. (*Jemison* v. *Citizens' Savings Bank*, 44 Hun, 412; *Hogan* v. *Sharp*, 24 Wend. 458; *Cobb* v. *Knapp*, 71 N. Y. 348; *Dean* v. *Van Nostrand*, 33 A. L. J. 150; 3 R. S. [7th ed.] 2258, § 3.) It was not necessary that the plaintiffs should return, or offer to return, the goods upon discovering that they did not accord with the representations as to their condition and quality made by the defendant, in order to recover in this action. (*Muller* v. *Eno*, 14 N. Y. 597; *Beeman* v. *Banta*, 10 N. Y. S. R. 325; *Kent* v. *Friedman*, 17 Week. Dig. 484; *Dounce* v. *Dow*, 57 N. Y. 16; *Parks* v. *M. A. & T. Co.*, 54 id. 586; *Brigg* v. *Hilton*, 99 id. 517.) Custom or usage cannot prevail where it would contravene any established rule of law or conflict with the contract made by the parties themselves. (*Simmons* v. *Law*, 3 Keyes, 217; *Thompson* v. *Riggs*, 5 Wall, 663–680; *Dykers* v. *Allen*, 7 Hill, 497.)

BRADLEY, J. This action was brought to recover damages alleged to have been sustained by breach of warranty in the sale by the defendant to the plaintiffs of a quantity of antelope skins, and the plaintiff recovered. The defendant was a com-

mission merchant in the city of New York. The sale in ques-
tion was in the line of his business, and made by him as such
merchant. The referee found that the warranty was made by
the defendant that they were a sound, choice lot of Indian,
handled skins, free from damage by worm-cut; and that there
was a breach of such warranty. The evidence on the part of
the plaintiffs tends to prove those facts, and for the purpose
of this review they must be deemed established. The main
contention on the merits on the part of the defendant is,
that he was not liable because the sale was made by him as
agent of his consignors of the property sold. Upon that sub-
ject the referee found that the defendant did not sell the skins
upon his own account, but as commission merchant, and that
the plaintiffs knew that he was acting as an agent only, and
that his commission was five per cent. The referee, however,
determined that the warranty was the undertaking of the
defendant, and that he was charged with liability by its breach.
The general rule is that an agent employed to do an act is
deemed authorized to do it in the manner in which the busi-
ness intrusted to him is usually done, and such is the presumed
limitation upon his power to act for his principal. (*Easton* v.
*Clark*, 35 N. Y. 225; *Smith* v *Tracy*, 36 id. 79; *Upton* v.
*Suffolk Co. Mills*, 11 Cush. 586.) While the defendant dealt
in the property of others, for whom he made sales, his business
of commission merchant was his own. He undertook to sell
the goods sent to him for this purpose, and to account to his
consignors for the proceeds, less his commission. As between
him and them, without any special instructions or authority, it
would seem to be inferred that he should sell the goods as they
were. And it is difficult to find in such case any implication of
power, derived from them, to undertake that the goods were in
any respect other or different than they, in fact, were. Unless
the character or quality of the goods consigned to him is com-
municated by the consignors, it is the business of the commission
merchant to ascertain what they are in that respect, and put
them upon the market only as such; and when he goes beyond

that he is not, as between him and his principal, within the authority presumptively conferred by the latter upon him. It does not appear that those parties, from whom the defendant received the property in question for sale, gave him any description of the quality or condition of it, or that he acted otherwise than upon his own knowledge or judgment in that respect in making the sale and warranty; nor is it found that he had authority from his consignors to warrant it. But there was some evidence given, on the part of the defendant, to the effect that it was the custom in the trade of commission dealers not to warrant goods sold. While the purpose of such evidence was to bear upon the fact whether any warranty was made, and in support of his proof that none was made in this instance, it also went further and may have been treated as bearing upon the question of the presumption of authority from his principal. If the custom of such dealers was to sell goods as they were and solely upon the inspection and risk of the purchasers, it is certainly difficult to see how any authority from the defendant's principals to warrant, could presumptively arise to relieve him from personal liability for such undertaking made by him to the plaintiffs.

The conclusion was, therefore, permitted that the defendant's relation to the warranty and its consequence was not qualified by his agency, pursuant to which he made the sale to the plaintiffs.

The defendant did not inform the plaintiffs, nor were they in any manner advised, of the name or names of the party or parties who sent the skins to the defendant to be sold by him. The question is presented whether the fact that the defendant failed to give the plaintiffs such information, was sufficient to deny to him the right to make his agency effectual as a defense. It does not appear that the plaintiffs had any knowledge of the names of the consignors of the property, or that the defendant supposed they had such knowledge. In such case there is some reason to conclude that the defendant intended to make the warranty his own as between him and the purchasers. And the proposition that

an agent contracting in his own name, and failing to disclose the name of his principal at the time of making a contract for the sale or purchase of goods, is personally liable for whatever obligation may arise out of the contract, has the support of authority. (*Mills* v. *Hunt,* 17 Wend. 333; *Morrison* v. *Currie,* 4 Duer, 79; *Cobb* v. *Knapp,* 71 N. Y. 348; *Ludwig* v. *Gillespie,* 105 id. 653; *Jemison* v. *Citizens' Sav. Bk.,* 44 Hun, 412.) That doctrine is applicable to the present case. The defendant made the contract of sale in his own name, as commission merchant, without disclosing the name of any principal; and his warranty given to produce it may, within that rule, as between the parties, be deemed his undertaking. In such case it may be supposed that a purchaser relies upon the responsibility of the person with whom he deals for the performance of the contract, and that he is not required to look elsewhere to obtain it. When there is, in fact, a principal the agent may ordinarily relieve himself from personal liability, upon a contract made in his behalf, by disclosing his name at the time of making it. Upon such disclosure, however, the party proceeding to deal with the agent may or may not, as he pleases, enter into contract upon the responsibility of the named principal, but to permit an agent to turn over to his customer an undisclosed and, to the latter, unknown principal, might have the effect to deny to the customer the benefit of any available or responsible means of remedy or relief founded upon the contract. The rule is no less salutary than reasonable that an agent may be treated as the party to the contract made by him in his own name, unless he advises the other party to it of the name of the principal whom he assumes to represent in making it where that is unknown to such party.

This proposition is not inconsistent with the general rule that an agent, acting within the scope of his authority with a party advised of his agency, will not be personally charged unless it appears that such was his intention. (*Hall* v. *Lauderdale,* 46 N. Y. 70.) The disclosure of his agency is not completely made unless it embraces the name of the principal; and

without that the party dealing with him may understand that he intended to give his personal liability and responsibility in support of the contract and for its performance. The cases cited by the defendant's counsel, having relation to the right of set-off in behalf of a person who has dealt with an agent, whose agency was unknown to such person, have no necessary application to the question now here. In those cases the question arose between the principal and the party dealing with the agent, without any knowledge of his agency, and upon the faith that he was dealing on his own account in selling property in his possession and of which he, apparently, was the owner. And in such cases the right of the party, purchasing property of the agent, to set off a claim against the latter, in an action brought by the principal, is dependent upon not only want of actual knowledge of the agency, but of circumstances which would direct a prudent man to inquiry and information of the fact, or furnish him reason to believe that he was dealing with an agent. (*Wright* v. *Cabot,* 89 N. Y. 570; *Nichols* v. *Martin,* 35 Hun, 168, and cases there cited.) This rests upon the principle that where one of two innocent parties must suffer loss, it should fall on him who has furnished the means and opportunity to another to do that which is done by the latter to cause it. The contract of sale was an executed one, and while the return of the property to the defendant may have been a suitable manner of amicably adjusting the matter, the plaintiffs were not legally required to do so. After the skins were purchased by and delivered to them, the plaintiffs had the right to retain them, and seek their remedy founded upon breach of the warranty. Nor is it seen how that right is qualified, as applied to this case, by the fact that the defendant was dealing with the property of others to whom he was required to account for the proceeds of sales made by him. He was, soon after the sale, advised of the claim of the plaintiffs for damages on account of the impaired condition of the skins; and if the defendant, as between him and his consignors, acted within the authority derived from them in making the warranty, he had the opportunity of seeking indemnity in

some manner before he paid over such proceeds to his principals. It is deemed unnecessary to advert more fully to the evidence in support of the facts found by the referee, as it does not appear that the case contains all the evidence. (*Porter* v. *Smith*, 107 N. Y. 531.)

We have examined all the exceptions taken by the defendant on the trial, and to the conclusions of fact and law of the referee, and find no error in any of the rulings to which they were taken.

The judgment should be affirmed.

All concur, except PARKER, J., not sitting.

Judgment affirmed.