(19 Misc. Rep. 623.)

## NELSON v. ANDREWS.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

PRINCIPAL AND AGENT—DISCLOSURE OF AGENT.
    An agent employing a workman to repair a house does not disclose his principal by stating that the house belonged to the "Bradford estate."

Appeal from Fourth district court.

Action by Samuel Nelson against Lyman S. Andrews for work, labor, and services rendered by plaintiff as a plumber on certain buildings of which defendant claimed to be agent. The work was ordered by defendant to the amount of $42.60. There was judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

M. Strassman, for appellant.

Samuel B. Johnson and Greene & Johnson, for respondent.

DALY, P. J. The employment of the plaintiff by defendant is conceded by the latter, but it is claimed that the plaintiff had actual knowledge, before doing the work for which he sues, that the building upon which he was employed belonged to the "Bradford estate," and, therefore, that the defendant, having acted for a disclosed principal, is not personally liable upon such employment. There was undoubtedly a disclosure of the general fact of agency. The witness Storrs, an employé of the defendant, testified that before the plaintiff was engaged to do the work he asked the witness whose estate it was, and was told it was the Bradford estate, and that Mr. Andrews (the defendant) was the agent. But this was not a disclosure of the name of the principal whom the defendant represented. It was little more than saying that the defendant was the agent of the owner of the house. And it is not enough that the information gave the plaintiff the means of ascertaining the name of the principal; he must have actual knowledge, or the agent will be bound. Mechem, Ag. 554; Cobb v. Knapp, 71 N. Y. 349. In the present case the plaintiff could, no doubt, have prosecuted some inquiry at the time he was employed as to who were the executors, or trustees, or heirs of the Bradford estate, and so, perhaps, have got some knowledge concerning the owners of the property; but he did not have that knowledge at the time the contract was made, and the defendant did not attempt to communicate it. A subsequent disclosure, if one had been made, would be ineffectual to discharge the defendant. Mechem, Ag. 554. In Cobb v. Knapp, supra, it was argued by defendant that, because

he had stated that the property purchased was for the Blissville Distillery, and was to be delivered there, that was a sufficient disclosure of the principal; but the court held this was not conclusive, as the plaintiff testified he did not know the proprietors of the distillery, and the defendant directed the property to be charged to him.    The plaintiff showed, in the present case, that he had previously done work upon the same buildings, and had been paid by defendant's personal checks; that the bill for this particular work had been made out to defendant, and sent to him, and he had promised plaintiff a check for it.    The credit was, therefore, given to the defendant, and not to a disclosed principal, and the plaintiff, upon the evidence, was entitled to recover.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.    All concur.