## BEIDLEMAN v. KELLY.

(Supreme Court, Appellate Term.   June 28, 1906.)

1. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—LIABILITY OF AGENT.

An agent was personally liable on a contract made by him where he did not disclose his agency, and the other party had no reason to believe that he was dealing with an agent.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 521–527.]

2. COURTS—MUNICIPAL COURTS—APPEALABLE ORDERS.

No appeal lies from an order opening a default in the Municipal Court of New York City.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Howard S. Beidleman against William H. Kelly. From a judgment dismissing the complaint, and from an order opening a default, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Charles Swanson, for appellant.

Dittenhoefer, Gerber & James, for respondent.

GILDERSLEEVE, J.   The action is for services rendered and materials furnished by plaintiff in putting a call bell system and a fire alarm system into the Highland Hotel, at the agreed price of $160, and for repairing elevator bells and installing telephones in said hotel at the concededly reasonable price of $14.85. There is no question about the work having been done by plaintiff, and the only question in the case is as to the individual liability of defendant. The complaint was dismissed at the end of plaintiff's case.

Plaintiff appeals.

Some time previous to August 3, 1904, plaintiff was introduced by one Young to defendant, and had an interview with defendant at the latter's apartment in the said hotel with reference to the proposed work. Messrs. Miller and Young were present. On August 3, 1904, plaintiff sent a letter to Mr. Miller, manager of the hotel, agreeing to do the work specified in the letter. Thereafter he was requested to call again on defendant, and did so, and further conversation took place with regard to the proposed work. Certain changes in the system were suggested by the defendant, and inserted in the estimate or contract which plaintiff had sent to Mr. Miller, but which defendant then had in his possession. Defendant loaned to the plaintiff his pen, and plaintiff sat down and wrote into the contract certain changes, and reduced the price. Defendant then told plaintiff to go ahead and do the work as soon as possible. Plaintiff did so. During the progress of the work defendant gave directions to plaintiff's workman as to where he should put the elevator bells and the indicator. After the work was finished, plaintiff called up defendant on the telephone. Some one, whose voice plaintiff swears he recognized as that of defendant, told him that "Judge Kelly" (defendant) was sick, and would settle plaintiff's "matter" (i. e. bill)

when he was able to get out. Plaintiff admits, however, that he did not ask the person to whom he was talking over the telephone if he was Judge Kelly. He says that, after connecting on the telephone with Judge Kelly's office, he asked for defendant, and then had the conversation with some one, whose voice he recognized as that of the defendant. Plaintiff made several efforts to show why he addressed his letter, containing the estimate or contract, to Mr. Miller, instead of defendant, but was not allowed to do so. All the conversations leading up to the contract were had with defendant, while the changes in the contract were made at defendant's dictation. It seems to be the theory of defendant's counsel that the contract was made with the Highland Hotel Company, of which Mr. Miller was manager. There is absolutely nothing in the evidence, however, to suggest the existence of such a company, or that the plaintiff had the remotest reason to suppose that defendant or Miller was acting as agent for any such company. The evidence made out a prima facie case of a contract with defendant. If the latter was acting as agent, he did not disclose his principal to plaintiff, nor had plaintiff any reason to suspect that he was dealing with an agent and not with a principal, so far as the testimony discloses. Defendant must, therefore, be held liable, as a person contracting as agent will be personally responsible where at the time of making the contract he does not disclose the fact of his agency and the name of his principal. Nichols v. Weil 30 Misc. Rep. 441, 62 N. Y. Supp. 477; Cobb v. Knapp, 71 N. Y. 348, 27 Am. Rep. 51; Nelson v. Andrews, 19 Misc. Rep. 623, 44 N. Y. Supp. 384.

We think it was error for the learned court below to dismiss the complaint on plaintiff's evidence, as the latter made out a prima facie case. This appeal also brings up one from an order granting a previous motion to open defendant's default. Such an order is not appealable, even supposing the court was not justified by the facts in granting said motion. Long Branch Pier Co. v. Crossley, 40 Misc. Rep. 250, 81 N. Y. Supp. 905. This appeal from said order is therefore dismissed, with $10 costs to abide the event of the new trial.

The judgment appealed from is reversed, and a new trial granted, with costs to appellant to abide the event

McCALL, J., concurs. LEVENTRITT, J., concurs in result.