THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK.

COMMENCING MAY, 1913.

---

THE KNICKERBOCKER BISCUIT COMPANY, Plaintiff, *v.* SUSIE A. DEVOE, Trading as HANOPHY'S MARKET, Defendant.

(County Court, Nassau County, May, 1913.)

Sales — recovery in action for goods sold and delivered — agency.

Where not until after the recovery of a judgment in an action for goods sold and delivered did the seller discover that defendant was merely an agent, and said judgment remains unpaid, the seller is entitled to recover of the principal the balance due on the account.

ACTION to recover the purchase price of merchandise.

Lincoln B. Haskin, for plaintiff.

Robert W. Duvall, for defendant.

NIEMANN, J. The defendant was the owner of a store at Oyster Bay, called "Hanophy's Market," which was conducted for her since the year 1901 by one James R. Hanophy as manager. The bank account of the business was kept under the designation of

1

"Hanophy's Market, James R. Hanophy, manager." The plaintiff, whose place of business was in New York, sold and delivered goods to the market during the years 1906, 1907 and 1908. There was a running account and finally a balance remained due, to recover which the plaintiff brought this suit.

The defendant testified that said Hanophy is her brother, and that she had given him full power and authority to order and buy goods for the market, and it was admitted that the goods, for the purchase price of which this action was brought, were ordered by and delivered to Hanophy's Market on or about August 28, 1908. The defendant had full knowledge of the trading and dealing with the plaintiff by said Hanophy as her manager of said market, and admits that there has been no actual payment made by said Hanophy or herself for said goods.

On December 23, 1901, the defendant filed a certificate in the Nassau county clerk's office, pursuant to the provisions of sections 140 and 440 of the Penal Law, which stated that she was about to engage in business under the name of Hanophy's Market, that she was the sole owner of such business, and that James R. Hanophy was the manager thereof.

On October 14, 1909, the plaintiff commenced an action in the Supreme Court, Nassau county, which resulted in a judgment by default on November 4, 1909, against said Hanophy, which judgment was never paid or satisfied. The evidence shows that neither the defendant nor said Hanophy ever disclosed to the plaintiff that she was the owner of the business and that Hanophy was merely her agent. On the contrary, it appears that said Hanophy led the plaintiff to believe that he was the principal. James F. DeBeau, a witness for the plaintiff, testified that in September or October, 1909, a short time before the action against

Hanophy was commenced, he called upon Hanophy at the market to collect the bill and asked him what he was going to do about it and that Hanophy excused the non-payment thereof by saying: " Well, I am a little short now. I have had sickness in the family and have been under heavy expense."

Upon the trial, the plaintiff's right to recover was contested on the ground that the judgment recovered by the plaintiff against said Hanophy is a bar to the present action against the defendant DeVoe, as it amounts to an election to hold Hanophy as the principal.

This claim is based upon the specific grounds that at the time of bringing said action the plaintiff had *legal* notice that Hanophy was a mere agent by virtue of the filing of said certificate, and *actual* notice because during the dealings between the parties there were certain checks paid to the plaintiff, signed " Hanophy's Market, James R. Hanophy, Mgr."

In Remmel v. Townsend, 83 Hun, 353, the court said (p. 354) : " It is a well-settled rule of law that if a creditor, after the discovery of the principal, elect to hold the agent who purchased goods without disclosing his agency, he is bound by the election and cannot pursue the principal. It is the contention of the appellant that the same rule applies if the creditor prosecutes the agent to judgment in ignorance that he purchased as an agent, upon the theory that he having once elected to sue the agent he is estopped from pursuing the principal. It is difficult to see upon what theory a creditor can be said to have made an election in such a case, when he was not aware that there was an opportunity to make a choice. In the case at bar the plaintiff supposed when he brought the action against the husband that his claim was against him only; there was, so far as he then knew, but one

thing for him to do, and that was, to bring his action against the person who he then supposed and understood purchased the goods as principal. Had he known the true situation he would have been in a position to have made a choice. The act of electing between two remedies presupposes such knowledge on the part of the one performing the act that he has an opportunity of choosing between two or more courses to pursue. If he understands that there is but one thing for him to obtain, or but one course that he can take, he cannot be said to have made a choice.''

In Sweeney v. Douglas Copper Co., 149 App. Div. 569, the court said (pp. 576, 577): '' What was the effect of the filing and allowance of the claim in bankruptcy against the agent King? * * * In the case at bar, at the time Eldridge filed his claim against King in the bankruptcy proceedings, he did not know the facts. He supposed, and testified, that he was dealing directly with King. He had no knowledge of the contracts nor the course of dealing between King and the defendant, upon the evidence of which the jury has found that the defendant was the undisclosed principal of King. Without knowledge there can be no election. Upon the facts as they appear Eldridge was not estopped from pursuing his claim against the defendant upon discovery of the true relations existing between it and King.''

In Brown v. Reiman, 48 App. Div. 295, the court said (p. 297): '' This being the case, the relation of principal and agent becomes established; and when it is further made to appear, as it is by the plaintiffs' testimony, that the existence of this relation was not fully disclosed until after the commencement of the bankruptcy proceedings, it cannot be said that the plaintiffs have elected to rely solely upon the responsibility of the agents, nor that they were concluded by

reason of the actions which were brought against such agents from pursuing the principal when his existence became known; for it is a well-settled rule that a creditor cannot make an election either of remedies or parties without first realizing that the opportunity of exercising his preference is afforded him.''

In Coleman v. First National Bank of Elmira, 53 N. Y. 388, the court said (p. 394) : '' But one who deals with an agent is not concluded from resorting to the principal unless it distinctly appears that, with full knowledge of all the facts, he elected to take the sole responsibility of the agent, and that he designed to abandon any claim against the principal.''

In the Coleman case the plaintiff deposited money with one Van Campen, the teller of the defendant bank, with the intention of depositing it in the bank.  He received a certificate in the form of an acknowledgment that he had deposited with Van Campen the money claimed in this action, coupled with Van Campen's personal undertaking to repay the amount with interest according to the terms of the certificate. The bank was not named in it, nor was there any thing on its face which would indicate that the money had been deposited with the bank, or that it had assumed any obligation in respect thereto.  The court in its opinion said (p. 393) : '' The jury having found that the money was in fact deposited with the bank, the case then in one aspect is that of a depositor taking the personal certificate and obligation of a person who was at the time the chief financial officer and agent of the bank for its repayment.  If he did this under circumstances indicating an intention to give the sole credit to Van Campen, knowing as he did that the bank was the real principal, then his election would bind him, and he could not subsequently resort to the bank on the insolvency of the agent.  *  *  *  In this

case, upon the facts found by the jury, no such intention can be inferred. If the plaintiff had examined the certificate, he would have been apprised of the fact that it purported to be the individual obligation of Van Campen. But he did not do so. He had a right to suppose that it was the proper acknowledgment of the bank with which the money was deposited. The doctrine of constructive notice, from the possession of the certificate, would be misapplied if, in this case, it should be held to exempt the bank from liability."

In DeRemer v. Brown, 165 N. Y. 410, the court said (p. 419) : " Nor is it sufficient to exonerate the agent from liability that the seller has means of ascertaining the name of the principal. He must have actual knowledge."

In Cobb v. Knapp, 71 N. Y. 348, the court said (p. 352) : " It is not sufficient that the seller may have the means of ascertaining the name of the principal. If so, the neglect to inquire might be deemed sufficient. He must have actual knowledge."

In Nelson v. Andrews, 19 Misc. Rep. 623, the court said (p. 624) : " There was undoubtedly a disclosure of the general fact of agency.   *   *   *   But this was not a disclosure of the name of the principal whom the defendant represented. It was little more than saying that the defendant was the agent of the owner of the house; and it is not enough that the information gave the plaintiff the means of ascertaining the name of the principal; he must have actual knowledge or the agent will be bound."

And in Mahoney v. Kent, 7 Misc. Rep. 726, the court said (p. 727) : " It is elementary that an agent who fails to disclose his principal is liable personally to the party with whom he contracts.   *   *   *   Again, it is urged that the plaintiff could well have discovered the existence of the defendant's principal from a perusal

of a certain portion of the newspaper upon which he was employed, but it is not sufficient that the true principal might have been discovered by the party contracting with the agent; actual knowledge is necessary.''

These cases conclusively establish that the creditor must have actual knowledge of all the facts before he will be deemed to have made an election. Constructive notice by reason of the certificate cannot take the place of actual knowledge. The creditor must have such actual knowledge as to who is the principal and who is the agent as to compel him to make an election.

By making a search of the records in the clerk's office, the plaintiff could have discovered that Hanophy was merely an agent and that this defendant was the real party in interest; but it did not do so and therefore had no knowledge of the fact. Having no knowledge, it could make no choice. Nor was the signature on the checks notice to the plaintiff that the defendant was the principal. It was not incumbent upon the plaintiff to make special inquiries as to what the word '' manager '' signified. The law did not cast the duty upon the plaintiff of making any inquiries.

I am fully satisfied from the evidence that, at the time the goods were sold, the plaintiff believed the agent to be the principal, and that it was not until after judgment had been recovered against the agent that it discovered its error. The judgment has not been paid. The plaintiff is entitled to payment for its goods, and the defendant who owes the money cannot justly complain if she is made to pay it.

The plaintiff is entitled to judgment for the amount of its claim with interest, amounting to the sum of eighty-five dollars and seventeen cents. Submit findings, which will be settled on two days' notice.

Judgment for plaintiff.