DORMAN v. BOEHRINGER.  (No. 5863.)*

(Court of Civil Appeals of Texas. San Antonio. May 16, 1917.)

BROKERS ☞99 — UNDISCLOSED PRINCIPAL — LIABILITY OF PRINCIPAL.

Where defendant in his own name sold corn to plaintiff, he was liable for a breach of the contract, though the paper on which the contract was written bore a printed notice that he was liable as a broker, since an agent contracting in his own name without disclosing the name of his principal is personally liable on the contract, especially as it did not appear that defendant was acting for any principal.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 140, 141.]

Appeal from District Court, Maverick County.

Action by E. Boehringer against C. W. Dorman. From a judgment for plaintiff, defendant appeals. Affirmed.

Sanford & Wright, of Eagle Pass, for appellant. J. E. White, of Eagle Pass, and T. J. Murray, of San Antonio, for appellee.

FLY, C. J. Appellee sued appellant to recover $600 for a breach of a contract of sale of corn. The cause was submitted to a jury on special issues, and upon the answers thereto judgment was rendered in favor of appellee for $600.

The evidence shows that appellant contracted to deliver to appellee at Eagle Pass, Tex., 12 cars of No. 2 sacked white corn at $1.01½ a bushel. He failed to deliver the

---

corn, and appellee was compelled, in order to meet his obligations, to buy corn on the market, which cost him from $1.05½ to $1.-07½ a bushel. Appellant did not make known that he had a principal from whom, as a broker, he was obtaining the corn, but for 10 or 14 days assured appellee that appellant would have the corn in readiness for him and that it was on the road. It was never received. There was in small letters near the top of the letter paper on which the contract for the corn was written a printed notice that appellant was responsible only as a broker.

If an agent discloses the fact of his agency, but conceals the name and identity of his principal, and deals in his own name as the contracting party, he will be personally liable. Mechem on Agency, § 2419; Lincoln v. Levi Cotton Mills Co., 128 Fed. 865, 63 C. C. A. 333; Baxter v. Duren, 29 Me. 434, 50 Am. Dec. 602.

The case of Paine v. Loeb, 96 Fed. 164, 37 C. C. A. 434, cited by appellant as authority for the proposition that whether the principal was disclosed or undisclosed appellant was not liable, because the writing on his letter had disclaimed liability, does not support that proposition. The only question in that case was whether Paine & Co. could recover as agents or principals. It was held that they could not recover as agents because there was no principal, nor as principals, on account of their fraudulent conduct. In the case now before the court appellant utterly failed to show that he had any principal, and contracted in his own name for delivery of the corn. The word "principal" is nowhere mentioned in the transaction between the parties. An agent contracting in his own name and failing to disclose the name of his principal at the time of making a contract for the sale or purchase of goods is personally liable for whatever obligation may arise out of the contract. Cobb v. Knapp, 71 N. Y. 348, 27 Am. Rep. 51; Argersinger v. Mac-Naughton, 114 N. Y. 535, 21 N. E. 1022, 11 Am. St. Rep. 687.

Appellant could not escape liability by merely stating that he was liable only as a broker, unless he disclosed for whom he was acting as agent. The disclosure of agency is not completely made unless it embraces the name of the principal. Appellant not only failed to show that he was acting for any principal, but failed to show that he ever had any authority for making the contract of sale. On the other hand, the facts tend to show that there was no principal, and that he was contracting for himself, and was therefore liable. Simmons v. More, 100 N. Y. 140, 2 N. E. 640. If appellant is not liable for a breach of the contract, no one is liable, for he had no principal. He cannot escape by stating on his stationery that he acted as broker only and assumed responsi-

bility as such. As such broker, he is liable when he discloses no principal.

There is no testimony tending to show that appellant ever accepted any modification of the original contract by appellee. No breach of the contract on the part of appellee was pleaded by appellant, and there was no testimony tending to show a breach. After receiving the telegram as to the quality of corn desired by appellee, appellant still recognized the contract, and from time to time told about the corn being on the way.

It was not controverted that the West Texas Grain Company and appellant were the same. He did not deny the evidence of Louze "that he and the West Texas Grain Company are one and the same; that he simply does business under that name."

No issue was made as to the readiness, willingness, and ability of appellee to pay for the corn, and the evidence showed that he was anxious to receive the corn, by his constant inquiries about it, and his ability to pay for it was shown by the fact that he bought corn to supply the place of that ordered from appellant and paid a high price for it. The record does not show any error, fundamental or otherwise.

The judgment is affirmed.