### PROPSTRA v. DYER et al. (SUGAR TRADING CORP., Third Party Defendant and Fourth-Party Plaintiff).

No. 253, Docket 21979.

United States Court of Appeals Second Circuit.

Argued May 11, 1951.

Decided June 4, 1951.

811

Eben C. Gould, New York City, for plaintiff-appellant.

Gammans & Goldin, New York City, Friedman & Friedman, New York City, Douglass Newman, New York City (Nelson Gammans, New York City, of Counsel), for defendants-respondents.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Propstra, a citizen of Washington, brought an action against defendants, citizens of New York, who do business as sugar brokers under the name of B. W. Dyer & Company (Dyer), who impleaded Sugar Trading Corporation and another, for breach of warranty in the sale of a carload of glucose. The District Court granted Dyer's motion, made during plaintiff's presentation of his case, to dismiss the action on the merits as to it and dismissed the action without prejudice as to the impleaded defendants, finding that certain correspondence between plaintiff and Dyer set forth below constituted only preliminary negotiations leading to an ultimate contract between Propstra and Sugar Trading Corporation for the purchase and sale of the glucose. Propstra appeals.

A determination of the issues raised on appeal requires that the correspondence in question be set forth with some particularity. On August 29, 1946, Propstra wrote Dyer inquiring if the latter had glucose available for sale. Dyer answered this communication by air mail on September 4 stating that "subject to confirmation and prior sale, we offer for the account of a syr-

up distributor a limited quantity of 'P. S.' Glucose Syrup for prompt shipment and also September and October shipments * *" Dyer further set forth terms of sale which included a deposit when the purchase was made and payment of the balance on sight draft. The plaintiff answered this by night letter under date of September 11, 4 AM reading: "* * * ship one car load as soon as possible or latter part of September or early October * * *" and stating that a deposit of $3000 was mailed in a letter under date of September 10 confirming the telegram. Dyer replied by telegram and air mail letter dated September 11, the telegram reading: "Retel confirm one car PS glucose syrup * * * due trucking strike here * * * shipment will be made in October sellers option if possible ship sooner will do so." The letter said: "* * * we confirm our exchange of wires today in which we confirmed a car of 'P.S.' Glucose Syrup * * *"

It is plaintiff's contention that the above exchange of telegrams and letters constituted a contract between him and Dyer as agent for an unnamed principal, for the purchase and sale of one carload of glucose. Dyer denies this and says that the contract was not closed until a "confirmation" (Exhibit A attached to Dyer's answer) was sent to the plaintiff on September 12 which not only summarized the above terms and conditions but also, though for the first time, disclosed that Sugar Trading Corporation was the seller of the glucose for whom Dyer was acting. Dyer argues that if the contract was not made until the principal was disclosed Dyer cannot be held as a party and also asserts that even if a contract was made on September 11 it is not liable on it.

■ We are satisfied that a contract between Propstra and Dyer was made on September 11. Dyer's claim that its telegram and letter of that date were a rejection of plaintiff's proposal of September 10 and constituted a counter-offer because "October sellers option" stated a different shipping period from that described by the words "as soon as possible or latter part of September or early October" in the plaintiff's telegram is highly artificial. The plaintiff gave Dyer the option of shipping as soon as possible or latter part of September or early October. Dyer's reply merely selected the latest shipping date that it could under the option offered. This is the only meaning of Dyer's telegram that does not do violence to the words "confirm one car 'P. S.' glucose" appearing in Dyer's letter and telegram of September 11 and which is consistent with its endorsing plaintiff's deposit over to Sugar Trading Corporation.

■ It appears settled[1] that, in the absence of some custom or agreement of the parties to the contrary, an agent is liable in a contract that is closed before the name of the principal is revealed to the other contracting party for the latter is assumed to have relied on the agent's credit in making the agreement. DeRemer v. Brown, 165 N.Y. 410, 59 N.E. 129; Argersinger v. MacNaughton, 114 N.Y. 535, 21 N.E. 1022; Cobb v. Knapp, 71 N.Y. 348. It was, therefore, error to dismiss the plaintiff's action against Dyer, when no custom or agreement not to hold Dyer was shown. If such

---

1. § 321. Principal Partially Disclosed.

*Unless otherwise agreed, a person purporting to make a contract with another for a partially disclosed principal is a party to the contract.*

Comment:

a. A principal is a partially disclosed principal when, at the time of making the contract in question, the other party thereto has notice that the agent is acting for a principal but has no notice of the principal's identity (see § 4). The fact that, to the knowledge of the agent, the third person does not know the identity of the principal is of great weight.

in ascribing to the third person the intention to hold the agent liable either solely, or as a surety or co-promisor with the principal. The inference of an understanding that the agent is a party to the contract exists, unless the agent gives such complete information concerning his principal's identity that he can be readily distinguished. If the other party has no reasonable means of ascertaining the principal, the inference is almost irresistible and prevails in the absence of an express agreement to the contrary. 2 Restatement, Agency § 321.

a lawful custom or agreement existed it may be established upon a trial on the merits.

Reversed and remanded for a trial upon the merits.

SWAN, Circuit Judge (concurring).

I concur in the result. The plaintiff's night letter was an offer, which specified that shipment was to be made no later than "early October." The defendant's answering telegram purported to be an acceptance of the offer but added the term " * * * shipment will be made in October seller's option." This would naturally mean any time during the month, and in fact the shipment was not made until October 22— which was certainly not "early October." An expression of assent by an offeree that changes the terms of the offer in any material respect is not an acceptance and consummates no contract. Corbin on Contracts, § 82. Normally a change in the time for shipment is a material change, and I cannot doubt that on receipt of the defendant's telegram the plaintiff could have called the deal off and demanded the return of the check he had previously mailed. But he did not do so. Instead, he wrote on September 12th expressing the hope that the check had been received. This indicates that he, as well as the defendant, did not consider the extension of the time for shipment a material change in the terms of his offer. Therefore I agree with my brother's conclusion that the contract was made before the plaintiff was notified of the name of the defendant's principal.