Oakley, J.
This was an action for goods sold and delivered. It appeared, that the defendant introduced one Mrs. Connolly to the plaintiff, and directed him to let her have what goods she should at any time want., and charge them to him, and he would see him -paid. Goods were accordingly delivered to her, from time to time, and charged to the defendant. She made various payments, which were credited, and this action was brought to recover the balance.
The Judge directed the jury, that if they found that the plaintiff had given credit to Mrs. Connolly, or that the defendant had limited his responsibility to the first purchase, they should give a verdict for him; but if they believed, that the credit was given to the defendant, and with his authority, and that such authority was unlimited as to time, and had not been revoked, they ought to find for the plaintiff. The jury found their verdict for the plaintiff.
The direction of the Judge appears to me, to have been right, and the verdict of the jury is supported by the evidence. The facts present a case, not of a collateral, but an original undertaking to pay for the goods. They were furnished to Mrs. Connolly, as the agent of the defendant, and on his account, and by his express authority, and the purchase of them stands upon the same footing, as if it had been made by any member of the defendant’s family, whose authority to purchase on his account, had been recognized by him. In this view of the case, the statute of frauds .has no application to it, nor was there any necessity for a special count in the declaration. It is the ordinary case of goods sold and delivered to the defendant by his agent, and a recovery may be had on the general counts.

Judgment for the plaintiff.

[J. Hildreth, Att'y for the plff. R. Bogardus, Att'y for the deft.]