COBURN, Respondent, *vs.* TUCKER, Appellant.

1. Under the 12th section of the 24th article of the practice act of 1849, referees have no power to dismiss a suit because of the refusal of the plaintiff to give his deposition when called upon by the defendant. They should report the matter to the court.

2. It is a proper exercise of the discretion of a court to set aside a report of referees dismissing a plaintiff's suit on account of his refusal to give his deposition, upon his filing an affidavit purging the contempt.

*Appeal from St. Louis Circuit Court.*

The facts are sufficiently developed in the opinion of the court. It may be added however, as a point was made upon it by the appellant, that upon the second hearing before the referees, the defendant renewed his motion to reject the petition of the plaintiff, because he was not present to be examined as a witness. No new effort had been made to get his deposition. The referees overruled the motion.

*Hart & Jecko*, for appellant. 1. The referees properly sustained the motion to reject the plaintiff's petition, it appearing that he had refused to testify before the officer at Boston authorized to take his deposition. (Sess. Acts of 1849, art. 24, § 11, 12.) 2. The first report of the referees stood as the decision of the court, and the Circuit Court could not send the same back. It could only have been reached by a motion to set aside the judgment rendered upon it. (Practice act of 1849, art. 16, § 3.) 3. Admitting that the plaintiff purged the contempt in refusing to give his deposition, and that the first report was properly set aside, yet upon his failure to appear before the referees to be examined as a witness, the motion to reject his petition, when renewed, should have been sustained. Surely, the defendant, after one ineffectual attempt to get his deposition, was not required again to go to Boston after it. It was the duty of the plaintiff to appear, as it was his fault that his deposition was not taken before.

*C. B. Lord*, for respondent. I. The case is not properly

here.   No motion for a review was made within the time required by law.   (Pr. act, art. 16, § 3.   17 Mo. Rep. 376.) II. The court very properly set aside the first report made by the referees, and directed them to proceed and report upon the case.   1. The 11th and 12th sections of article 24 of the practice act, do not apply to a case where the party sought to be examined is a non-resident.   The 6th section of the same article applies to non-residents.   2. Even if the 11th and 12th sections do apply, yet the action of the court below cannot be complained of here.   It was at best a constructive contempt, to be punished by the court below.   This court will not compel the court below to punish.   (4 Cowen, 49.   5 Iredell, 199. 1 Carter (Ind.) 161.)   3. The contempt was purged by the plaintiff's affidavit.

RYLAND, Judge, delivered the opinion of the court.

The only question in this case of any importance, and indeed the one mainly relied on by the appellant for the reversal of the judgment below, involves the propriety of the court's decision in sustaining the plaintiff's motion to set aside the report of the referees first made by them.

It appears that during the progress of the suit, depositions were taken by the parties in Boston, in Massachusetts ; that the defendant called on the plaintiff to be examined and to give his deposition touching the matters in controversy.   This the plaintiff refused to do, saying he was a party, and that the defendant had no right to take his testimony, but offering however to give it, upon the condition that he might use the deposition in the suit, if the defendant would not use it.   This condition was refused.   The plaintiff then would not testify.   This fact appears by a statement made by the justice or by the officer before whom the depositions in Boston were taken.

By consent of parties, the Circuit Court referred the matters in controversy to referees.   Before these referees, the defendant appeared and moved to reject the plaintiff's petition in this case, because the plaintiff had refused to testify by giving his

Coburn v. Tucker.

deposition as aforesaid. The referees sustained this motion, and rejected the plaintiff's petition, and made report to that effect. This report the plaintiff moved to set aside, and for an order directing the referees to proceed to a hearing of the cause and to make report. Affidavit of plaintiff was filed with this motion, as follows : " Plaintiff states that some time in December last, and at the time of taking depositions in this case in Boston, Massachusetts, on the part of the defendant, plaintiff was called upon to give his deposition in this case, which he at the time declined to give, because he was at the time under the impression that a party to a suit at law could not be called upon to swear in the case, unless a previous order of the court in which the suit was pending was first had for that purpose ; that, under such impression, he declined to give his deposition, *unless the defendant would agree to file it in the case as evidence.* Plaintiff also states that he intended no contempt or disrespect towards this court or its authority, but that in declining to give his testimony, at the time, thought he had a legal right to do so. Plaintiff states that his residence is in the town of Chelsea, Massachusetts ; that he is now ready and willing to give his deposition in this case, and will, for that purpose, upon being notified, appear before any proper officer in the city of Boston, and submit to have his deposition taken in this case unconditionally. Henry R. Coburn. Sworn to," &c. This motion was sustained, the report of the referees set aside, and it was ordered that the referees proceed to hear the matters in controversy.

The referees proceeded, heard the case, and made their report, on which judgment was entered for the plaintiff. The record shows that the defendant excepted to the ruling of the court setting aside the first report of the referees, and that he made his motion to set aside the last report, which was overruled, and he excepted. The defendant made his motion for a review, &c., which being overruled, he brings the case here.

Now the only question of any weight is in relation to the action of the court on the first report. Had the arbitrators the

power to reject, or rather, to dismiss the plaintiff's action ? And did the court below err in overruling this report of the referees, and in ordering them to proceed with the hearing ?

In the opinion of this court, the court below committed no error in overruling the report of the referees. This proceeding is based on the 11th and 12th sections of the 24th article of the practice act, which sections are as follows :

Sec. 11. A party to an action may be examined as a witness at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be subpœnaed or otherwise compelled to attend and testify, in the same manner and subject to the same rules of examination, and under like circumstances as other witnesses, and his deposition may be taken and used as that of other witnesses.

Sec. 12. If a party refuses to attend, as in the last section is prescribed, and testify either in court or before any person authorized to take his deposition, besides being punished himself as for a contempt, his petition, answer or reply may be rejected, or a motion, if made by himself, overruled, or if made by the adverse party, sustained.

The referees had no power to dismiss the suit, and the rejection of the plaintiff's petition is nothing more than a virtual dismissal of the suit. The referees might very properly report the fact to the court of the plaintiff's refusal to testify, and that, in consequence thereof, they deem it proper to proceed no further. When this is done, and the court, on motion, sets aside this report, and orders the referees to hear the cause, this court must consider such act as being completely within the discretion of the lower court, and, unless we see it abused, will not interfere by reversing.

Now the affidavit of the plaintiff, on the motion to set aside the first report, shows plainly that he had no design or intention to commit any contempt of court. It was a strange idea to him, that, in a suit at law, he could be called upon to testify. Hence his proposal to give his deposition, upon terms that, if the adverse party neglected to offer it, he might do so.

The court below would have acted indiscreetly not to have set aside this report. There is nothing in the objection that the plaintiff ought to have waited until there was a judgment against him on the first report, and then have moved to set it aside, and for an order for further reference. It was as competent and proper to set aside the report as to set aside the judgment on the report, if one had been rendered.

Upon the whole, then, we see no abuse of the discretion of the court below. Let the judgment be affirmed; the other judges concurring.