## IN RE HALDORN ET AL.

ATTORNEYS— *Disbarment.* —The evidence in the case at bar reviewed, and held insufficient to support the charges.

CONTEMPT OF COURT.— *Witnesses—Referee.* —The use of profanity by witnesses before a referee may be punished as a contempt of court.

Original proceeding. Application for disbarment.

*Charles O'Donnell*, for Petitioner.

*McCutcheon & McIntire*, and *B. P. Carpenter*, for Respondents.

*Mr. Haldorn, pro se.*

BLAKE, C. J.—This is a proceeding under the laws of the State to cause the names of George Haldorn and F. T. McBride to be stricken from the roll of attorneys and counselors at law. After the complaint and separate answers of the parties had been filed in this court, a referee was appointed to take the testimony and report the same. This work has been done, and a voluminous record with many exhibits is before us. We

have examined the evidence, and listened to the exhaustive arguments of the counsel, and declare without any hesitation that the charges which have been exhibited against the respondents are groundless. No good purpose can be subserved by a review of the testimony to establish this conclusion, and we will not make a statement of the grievances which have been alleged.

The conduct of some of the witnesses before the referee in the use of profanity cannot be passed over in silence, and can be punished by us as a contempt of this court. The persons of whom these remarks are uttered do not appear to have comprehended this matter; but their ignorance is no excuse, and a repetition of the offense will be followed by a speedy prosecution in this tribunal. We are also compelled to censure the counsel upon both sides for many acts of discourtesy towards each other in the hearing before the referee. They should have known and remembered at all times that they were in the eyes of the law in the presence of this court, and conducted themselves accordingly.

It is therefore ordered and adjudged that the charges against the said George Haldorn and Francis T. McBride be dismissed.

HARWOOD, J., concurs.　DE WITT, J., did not sit in this case.