(7 Misc Rep. 726.)

### MAHONEY v. KENT.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

PRINCIPAL AND AGENT—LIABILITY OF AGENT—UNDISCLOSED PRINCIPAL.

    An agent who fails to disclose his principal is personally liable to a person with whom he contracts, though such person might have discovered the agency; actual knowledge being necessary to relieve the agent of liability.

Appeal from second district court.

Action by John Mahoney against Alexander T. Kent to recover for services rendered. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

George Edward Kent, for appellant.
James J. Walsh, for respondent.

BISCHOFF, J. That the plaintiff was employed by the defendant, and that the services in question were rendered during the period for which compensation is claimed, are not disputed; nor is it contradicted that the disbursements which are sought to be recovered were reasonable, and were made in the course of the plaintiff's duties. As to whether or not an agreement existed, whereby the defendant charged himself with the repayment of these disbursements, and as to the amount agreed upon as compensation for the plaintiff's services during the week for which compensation is here claimed, there is a direct conflict of fact, upon which a finding either way might have been made; but that the determination below upon such evidence will not be reviewed upon appeal is the well-settled rule of this court.

It is contended, however, that this action should have been brought against the Sporting World Company, of which the defendant is president, and in which capacity it is claimed that the agreement with the plaintiff was entered into by him. There is no evidence that the plaintiff was employed under any representations as to the agency of the defendant, and the justice properly decided the motion to dismiss the complaint upon this ground. It is elementary that an agent who fails to disclose his principal is liable personally to the party with whom he contracts. Mills v. Hunt, 20 Wend. 431. Again, it is urged that the plaintiff could well have discovered the existence of the defendant's principal from a perusal of a certain portion of the newspaper upon which he was employed. But it is not sufficient that the true principal might have been discovered by the party contracting with the agent. Actual knowledge is necessary (Cobb v. Knapp, 71 N. Y. 348, 352); and the evidence fails to show any such knowledge on the part of the plaintiff in this case. In the case last cited, the court say: "There is no hardship in the rule of liability against agents. They always have it in their own power to relieve themselves, and, when they do not, it must be presumed that they intend to be liable." The recovery is fully supported by the evidence, and, no error appearing from the record, the judgment should be affirmed, with costs.