(9 Misc. Rep. 150.)

KAHN v. WEILL.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

PERSONAL LIABILITY OF AGENT—UNDISCLOSED PRINCIPAL.

In an action for breach of warranty of goods sold, it is no defense that defendant was acting as agent for another at the time of the sale, where he dealt with plaintiff in his own name, without disclosing that he was an agent.

Appeal from ninth district court.

Action by Fannie Kahn against Leopold L. Weill for breach of warranty. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Aaron Kahn, for appellant.

BOOKSTAVER, J. This action was brought on a breach of warranty. From the return it appears that, on the sale of a gilt parlor suit of furniture, the defendant warranted the gilding for one year and the upholstering for two years, and agreed to keep it in repair for that length of time. This was in writing, and was not disputed; nor was it disputed that the gilding came off in patches, because of the careless manipulation on the part of the defendant in gluing on a portion of the upholstering. Repeated requests were made of the defendant to repair the furniture, which he neglected to do. Finally, the plaintiff demanded back the purchase price, and offered to return the furniture to defendant.

The defense is extremely hazy. Some attempt was made to show that the frames of the furniture were purchased of other people, and that the defendant was only responsible for the upholstering, but this is clearly rebutted by the bill of sale in his own hand-writing. He also claimed that he offered to repair the furniture, but he never made such offer until after this action was brought, although frequently requested to attend to it before. The justice probably rendered judgment in defendant's favor because he testified that he did not own the business, but carried it on for his sister, Minnie Weill. In arriving at this conclusion he must have overlooked the fact that all the negotiations were carried on between the parties as principals. The defendant at no time revealed the fact (if it was a fact) that he was acting as agent for any one. The bill of sale was made out and signed by defendant in his own name, or rather the name of A. L. Weill, which certainly was not the name of Minnie Weill, and it was not shown that A. L. Weill was the name of any other person than the defendant. As the plaintiff was corroborated by her husband, another witness, and the bill of sale, and as this testimony was not denied by the defendant, the verdict should have been in her favor. The judgment is reversed, and a new trial ordered, with costs to the appellant.