(9 Misc. Rep. 1.)

PEOPLE ex rel. BALDWIN v. MILLER.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. CONTEMPT—POWER OF REFEREE TO PUNISH.
    Under Code Civ. Proc. § 2272, providing that a referee may issue a warrant against a witness who refuses to be sworn or to testify, a referee appointed to hear and report evidence may punish for contempt.

2. SAME—AFFIDAVIT—WHEN NOT NECESSARY.
    Code Civ. Proc. § 2269, providing for an affidavit as a foundation for p o-ceedings to punish for contempt, does not apply where the offense was committed in the presence of the court or referee.

3. SAME—RIGHT TO PURGE—REPARATION.
    Code Civ. Proc. § 2280, declares that, when accused is produced under a warrant, the court must determine whether he has committed the offense. Section 2281 provides that, if he is found guilty, a final order must be made directing that he be punished. Held that, where a warrant of arrest is issued in a contempt proceeding, the court or referee has no power to allow the accused to purge himself of the contempt without making reparation to the injured party.

Appeal from special term.

Proceeding, on the relation of William B. Baldwin, against Caroline M. Miller, otherwise known as Mattie Rodman and Mrs. Brink, for contempt of court. From an order in favor of defendant, complainant appeals. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Frank Moss, for appellant.
E. F. James and J. C. J. Langbein, for respondent.

BOOKSTAVER, J. The defendant refused to answer certain questions after the referee before whom she was being examined had pronounced them proper, and had warned her that her refusal was contempt of court. In his report of the circumstances the referee says, "On fourteen distinct occasions, the witness, contumaciously, with marked contempt and defiance, and against the warning of the referee, refused to answer proper and material questions." That this language is not too strong is easily seen from one of the defendant's remarks (characteristic of the spirit she manifested throughout the hearing, so far as reported to us) in response to a proper question, "Well, I think I will go home." The referee subsequently issued a warrant of attachment, directing the sheriff to arrest the accused, and bring her before the court, at a time specified, to answer for the alleged offense. Upon the return day the court directed the defendant to appear before the referee, and answer the questions, and continued the proceedings to a subsequent date. Complainant's counsel opposed any final disposition of the contempt proceedings by such direction, and it was stipulated that he waived no right by appearing again before the referee, and asking the questions. The defendant then gave replies to all but three of the questions, which she refused to answer, as tending to incriminate her. Thereafter, the court, by a final order, acquitted her of the charge of contempt, upon the ground that she had purged

herself therefrom by her subsequent responses. In his argument, her counsel contends that the referee—being appointed, under section 1015 of the Code of Civil Procedure, to report testimony, and his opinion thereon, in an incidental issue—was without power to punish a witness for contempt, which is given, by section 1018, only to referees appointed thereunder; but it is unnecessary to decide the question upon this ground, because we think a referee, in a case like the present, is clearly vested with such power by section 2272, as follows:

"An order to show cause may be made or a warrant may be issued, as prescribed in section two thousand two hundred and sixty-nine of this act, by a referee appointed by the court, where the offence is committed upon the trial of an issue referred to him, or consists of a witness's non-attendance, or refusal to be sworn or to testify, before him. The order or warrant may, in the discretion of the referee, be made returnable before him or before the court. Where it is made returnable before the referee, he has all the power and authority of the court, with respect to the motion or special proceeding, instituted thereby."

Counsel for defendant also argues that the foundation for the proceeding must, under section 2269, be an affidavit; but, this, obviously, cannot be required where the offense was committed in the immediate view and presence of the court or referee, as was done here. In re Hackley, 24 N. Y. 74. In fact, the referee might have proceeded summarily, under section 2267, to punish the offense. He certainly, then, had the lesser power to issue the warrant of attachment returnable before the court.

The complainant's counsel takes the ground—and correctly, we think—that the court could not, as the matter stood, permit the accused to purge herself without making reparation, as provided by sections 2281 and 2284. Section 2280 declares that:

"When the accused is produced by virtue of a warrant," etc., "* * * the court or judge must determine whether the accused has committed the offense charged."

And section 2281:

"If it is determined that the accused has committed the offense charged, and that it was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party * * * the court, judge or referee must make a final order accordingly and directing that he be punished by fine or imprisonment or both as the nature of the case requires. A warrant of commitment must issue accordingly."

Section 2284 provides for the amount of the fine.

As we understand these sections, after the matter has proceeded to a warrant of arrest, the method of procedure is fixed and mandatory. No locus poenitentiae remains to the offender, nor any power to the court, judge, or referee of allowing the guilty one to purge himself of the contempt without making recompense to the injured party; and this is proper, because, as appears from the language of section 2281, referring to "rights and remedies of a party," it is then not alone the dignity of the court which is to be considered (an offense against which the court might at any time forgive, in its discretion), but also a substantial right of the aggrieved party, as, in this case, the fees to the sheriff, and additional

fees of the referee and stenographers and counsel, not to mention the delay and consequent loss owing to the peculiar features of the case, all of which have been incurred by the complainant (and some have been disbursed) through the fault of the defendant.   The order must therefore be reversed, with costs to the appellant, and the matter sent back to the special term, to impose such fine as the case may warrant.   All concur.