(10 Misc. Rep. 730.)

## WHITMAN et al. v. JOHNSON.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. PRACTICE—SERVICE OF ORDER—EXHIBITING JUDGE'S SIGNATURE.
    On service of order granting a stay, it is not necessary to exhibit the judge's signature to the person on whom the order is served.

2. SAME—MOVING PARTY—TECHNICAL CONTEMPT.
    It is not error to hear a motion where the moving party has been guilty of technical contempt, as the court may at any time overlook such contempt if neither of the parties is injured thereby.

Appeal from special term.

Action by Edmund S. Whitman and another against Edwin L. Johnson. From an order denying plaintiffs' motion to set aside the service of defendant's notice of entry of judgment, and from an order which resettled an order dated April 9, 1894, but entered June 9, 1894, granting a stay, plaintiffs appeal. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Osgood Smith, for appellants.

B. L. Fairchild, for respondent.

BOOKSTAVER, J. As many of the facts are common to both appeals, they may conveniently be considered together. Upon the trial of the action, April 9, 1894, a verdict was rendered for the defendant. Plaintiffs moved for a stay, and contended upon their appeal that the learned judge granted them "sixty days in which to make

a case on appeal, and that all proceedings on the part of defendant herein, after the entry of judgment, be, and the same are hereby, stayed meanwhile." Defendant entered the judgment, and served a notice of the entry thereof upon plaintiff's attorneys on the 12th day of April, 1894. On May 29th, following, plaintiffs served a notice of appeal, which was returned by the defendant on the ground it was too late. On June 1st, plaintiffs entered an order signed by Judge PRYOR, who tried the case, dated April 9th, granting a stay in the terms above set forth, and reserved their notice of appeal, which was again returned on the ground before stated. On the next day, June 2d, they obtained from Judge BISCHOFF an order requiring defendant to show cause why service of the notice of entry of judgment should not be set aside, and meanwhile staying proceedings. On June 4th, defendant obtained from Judge PRYOR an order requiring plaintiffs to show cause why the order entered June 1st should not be resettled. This order, immediately upon its receipt by plaintiffs, was returned, with a notice upon it stating that it was returned because it was in violation of the stay of proceedings granted by the order of June 2d, which was served upon defendant's attorneys on June 4th. Thereafter, and on the same day, defendant's attorneys served upon the plaintiffs' attorneys another copy of their order to show cause, with a notice that they had procured from Judge BISCHOFF a modification of the stay granted by the order of June 2d, as follows: "Modified to the extent of allowing motion for resettlement by Judge PRYOR of his order upon which this order is based. June 4th, '94. H. B., Jr., J. C. C. P." This order was again returned to defendant's attorneys, with the notice indorsed that it was in violation of the stay directed by the order of June 2d, that it was granted prior to the modification of the order of June 2d, and that the modification was not properly served, in that the judge's signature thereto was not exhibited at the time of such service. The motion for a resettlement of the order of June 1st was, by direction of Judge PRYOR, the trial judge, with the consent of counsel for both parties, referred and submitted to Judge BISCHOFF, and these appeals are from the orders entered upon his decision of both motions.

Whether or not the plaintiffs were entitled to a stay of all proceedings after the entry of judgment, or merely of a stay of execution allowing the service of notice of entry of judgment, was a question of fact to be determined on the evidence presented to the judge, and this could as well be determined by the judge who decided it as by the judge who tried the case. Moreover, the motion was heard on consent of both parties, and therefore no question can be raised on that ground.

We think the evidence in favor of the disposition made of the matter by the judge at special term overwhelmingly supports his decision. The affidavits of the attorneys for the parties are conflicting. The affidavit of the stenographer does not support appellants' contention, for he swears he "has examined the transcript of his stenographer's minutes relating to the motion for a stay, and finds he entered the motion, but did not enter the order of the judge

granted thereon." So that what was actually granted in no wise appears from either his minutes or affidavit. The only other evidence on the subject is the extract from the clerk's minutes, which reads as follows: "60 days' stay of execution after notice of entry of judgment." And this we think conclusive of the terms of the order made at trial term. There was nothing in the case which would warrant the extraordinary relief of extending the time to appeal. The clerk's minutes are in accordance with the almost universal practice of the court, and the order denying plaintiff's motion to set aside the service of notice of entry of judgment must therefore be affirmed, with costs.

As to the resettlement of the order of April 9th, entered June 1, 1894, it is merely made to conform to the order denying the motion to set aside the notice of entry of judgment. But it is contended that this motion was made while defendant was under a stay of all proceedings by reason of Judge BISCHOFF'S order, and hence was in contempt of court at the time of making it, and should not have been heard. Judge BISCHOFF, however, had modified his order of June 1st so as to allow a motion for the resettlement of Judge PRYOR'S order; and the right of a judge to vacate or modify his own order without notice is elementary, and is confirmed by section 772 of the Code of Civil Procedure.

It is further contended that the service of a copy of the modification of the order of Judge BISCHOFF was irregular and invalid, in that Judge PRYOR did not resign his order after the modification of his order made by Judge BISCHOFF, and also on the ground that the judge's signature was not shown to the plaintiffs' attorney when it was served. It is not necessary to exhibit the judge's signature on serving such an order. Gross v. Clark, 1 Civ. Proc. R. 17, and cases cited. The resigning of Judge PRYOR'S order by that judge, even if necessary, was cured by the subsequent consent that this motion should be heard by Judge BISCHOFF. But, even if the defendant were in technical contempt of court, the court has at all times the right to forgive or overlook such contempt, provided that neither of the parties to the proceeding are injured thereby. People v. Miller, 9 Misc. Rep. 1, 29 N. Y. Supp. 305. And in this case it is clear that neither party had acquired any right under the order, or had acted thereon to his detriment. This order must, therefore, also be affirmed, with costs. All concur.