(10 Misc. Rep. 725.)

### WHITMAN et al. v. JOHNSON.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. APPEAL—WHEN LIES—ORDER DENYING NEW TRIAL.
    An appeal lies from an order denying a new trial though the time to appeal from the judgment has expired without an appeal being taken.

2. SAME—REVIEW.
    The general term of the court of common pleas on appeal will consider whether the case had been submitted to the jury on an erroneous theory of law, or whether an erroneous instruction was given, or prejudice caused by lack of a proper instruction, or whether the verdict was contrary to the evidence and the justice of the case, though no exceptions were taken.

3. PRINCIPAL AND AGENT—LIABILITY OF AGENT—UNDISCLOSED PRINCIPAL.
    One who executes a contract in his own name cannot escape liability thereon unless he had authority to make a contract in his own name, and disclosed the fact of his agency at the time to the persons with whom he had contracted, and gave them an opportunity to discover the principals, and disclosed the names of the principals in such a way that the contract would bind them, and not the agent.

Appeal from special term.

Action by Edmund S. Whitman and another against Edwin L. Johnson. From an order denying a motion for a new trial, on the grounds mentioned in Code Civ. Proc. § 999, plaintiffs appeal. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Osgood Smith, for appellants.

Benjamin L. Fairchild, for respondent.

BOOKSTAVER, J. This is an appeal from an order denying a new trial. The time to appeal from the judgment expired without an appeal being taken therefrom. It is nevertheless valid, and must be heard. Voisin v. Insurance Co., 123 N. Y. 120, 25 N. E. 325. Notwithstanding there is no such appeal as an appeal from an order denying a new trial, this court, at general term, must consider whether the case has been submitted to the jury upon an erroneous theory of the law; whether any erroneous instruction was given; whether the appellants have sustained any injury by the jury having been misled because of the lack of proper instruction; also whether the verdict was against the weight of evidence and the justice of the

case; and this, even though there were not any exceptions taken. Whittaker v. Canal Co., 49 Hun, 400, 3 N. Y. Supp. 576; Vermilyea v. Palmer, 52 N. Y. 471; Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 506; Gillett v. Trustees, 77 Hun, 604, 28 N. Y. Supp. 1044; Hamilton v. Railroad Co., 53 N. Y. 25. From the case it appears that this action was brought to recover damages for the breach of an executory contract for the sale of 1,000 barrels of oil. The contract, irrespective of certain printed notices upon the billhead on which it was written, is as follows:

"New York, Nov. 16th, 1892.

"Messrs. Whitman Bros., Produce Exchange, City—Gentlemen: We herewith confirm sale to you of 1,000 bbls. prime crude cotton oil, from Sulphur Springs and Wolfe City, Texas, at 26½ cents per gallon, delivered New York City, in tank cars, to be furnished the mills by you as needed.

"Yours, very truly,          Faith Cotton-Oil Agency of N. Y.,
                                        "Edwin L. Johnson, Prop'r."

The appellants are the Messrs. Whitman Bros., to whom the above is addressed, and the respondent is Edwin L. Johnson, the signer of the letter. The oil was never delivered, and the Messrs. Whitman Bros. brought this action against the defendant as principal in the transaction. The respondent's defense was that he acted merely as the agent of two oil companies in Texas, and was therefore not liable. Nevertheless, as appears by the contract above, he signed it personally, and did not disclose to the appellants, as the latter claim, the name of the seller until the time came to send the tank cars; and an examination of the notice of sale sent the oil companies shows that he did not disclose to them the name of his purchaser. On the trial the respondent sought to relieve himself from the responsibility of the contract sued on by claiming, not that he disclosed his principal to appellants, but that he had made certain statements from which the appellants should have inferred that he was not acting as principal in the matter, but as agent for certain companies, the names of which he did not disclose; also that he had before that time dealt with the appellants as agent, and that they well knew he was in his transactions acting as agent, and not as principal. These facts were, however, denied by the appellants, and respondent relied chiefly upon the notice or advertisement contained on the letterhead used in writing the confirmatory letter before set forth. These words were above that contract, and in much finer print, and are as follows: "The Faith Cotton-Oil Agency represents the Independent Oil Mills and Refineries, and does an exclusively commission and brokerage business in cotton-seed products. Products sold by sample to arrive on consignment, with liberal advances, or for future shipment to any market, with contracts made direct between principals, if desired." And also upon another form used by him, containing the expressions, "Cotton-seed products on commission" and "Manufacturers' agents of the Independent Mills." The evidence is contradictory as to when and how this confirmatory letter was received by appellants; respondent claiming that the contract was made verbally, and confirmed by the letter, which was sent by mail later in the day. The witness Whitman testified that he thought it was by a personal delivery,

although he would not be certain.    It is clear from the case, however, that the letter was merely confirmatory of a sale made earlier in the day.

The whole controversy turned upon a question of whether or not the contract was made between the parties with the full knowledge of both that the respondent was acting in the matter as an agent merely, or whether he was acting as principal, or as agent for an undisclosed principal or principals.    The law governing such transactions is too well settled to need extensive argument or review.    Miller v. Railroad Co., 90 N. Y. 430;  Hill v. Miller, 76 N. Y. 32;  Rawson v. Railroad Co., 2 Abb. Pr. (N. S.) 220;  Pearsall v. Telegraph Co., 124 N. Y. 256, 26 N. E. 534;  Mahoney v. Kent, 7 Misc. Rep. 726, 28 N. Y. Supp. 19;  Cobb v. Knapp, 71 N. Y. 348.    From the cases cited, the rule of law applicable to this case is clearly deducible, and, according to such rule, the respondent must show to the satisfaction of the jury—First, that when he made the contract he had authority from the persons for whom he made it to make it in the form he did; and, second, that he not only disclosed the fact of his agency to the appellants at the time of making the contract, and gave them an opportunity to discover who the principals were, but also disclosed the names of such principals to the appellants in such a way that the contract would bind the principals, and not himself.    And while it is very apparent to the professional mind that these rules of law were clearly in the mind of the learned justice who tried the case, and were presupposed by him, yet in such charge to the jury he nowhere explicitly states to them the second of these rules; that is, that at the time of making the contract, or before doing so, he disclosed the fact of his agency to the appellants.    Hence, at the close of the charge, appellants' counsel asked the court to charge the jury "that the Messrs. Whitman Bros. are not bound by any notice on this written contract from Edwin L. Johnson, printed in very small type on the upper left-hand corner of this paper, unless the defendant first brought home to the Messrs. Whitman Bros. actual knowledge of this particular notice," to which the court replied:    "I charge as counsel requests, namely, that the Messrs. Whitman are not bound by that notice up there about the Faith Agency doing an exclusive commission and brokerage business,—not at all, unless the Messrs. Whitman saw that, and whether they saw it and read it or not, or knew of it, you must determine, in view of the fact that the contract immediately, or a short time after its execution, that very paper was handed to the Messrs. Whitman, and has been in their custody from that day to this, so far as there is any evidence in the case; and, furthermore, —correct me if I am wrong,—Mr. Whitman, going on the stand, did not say he had not seen that."    In view of the charge thus made, appellants' counsel requested the court to further charge "that they must disregard that notice as bearing on the written part of this contract in evidence, without it was brought home to the plaintiffs at the time of the making of this contract," which the court refused to charge, and proceeded to state that there was abundant evidence, if the jury believed it, for them to find that Mr. Whitman knew of the notices on the face of the paper.    But inasmuch as the court nowhere

specifically charged the jury that the notice of agency must have been given to the appellants before or at the time of making the contract, so that when it was made the appellants had full knowledge that they were dealing with an agent, and not a principal, the request, in our opinion, was proper, and should have been charged. From what the court said, the jury may have thought that, although they believed Mr. Whitman's testimony as to what took place before the contract was made, and not Mr. Johnson's, yet inasmuch as the notice, when attention was called to it, was clear that he was doing a general business as agent, and that this notice must have come to the attention of Mr. Whitman after he received the paper, they were bound to find as they did.    But from the case it is apparent that this particular notice was not received by Mr. Whitman until after the contract was made, and, in fact, on the face of it it purports to be a confirmation of the verbal contract theretofore made.. A comparison of the confirmatory note sent the appellants and the notice sent to the oil companies shows that in the former he did not reveal his principals to the purchaser, nor in the latter did he reveal the purchaser to the companies; and also shows a considerable diversity as to the price to be paid and the terms of sale.    The one lumps the 500 barrels sold for each company in one quantity, and at a uniform price, while the other shows the separate sales of the 500 barrels belonging to each company, at different prices and on different terms.    It may be true, as contended by the respondent, that the differences as to price are accounted for by the freight charges; but, in view of the conclusion to which we have arrived on the question first presented, we do not deem it necessary to pursue this inquiry further, as upon another trial this may be more fully and clearly explained.    The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide event; and, inasmuch as the judgment has been paid, there should be an order of restitution to the appellants for the amount so paid, together with interest from the time of payment.    All concur.