PURCELL, Appellant, v. ARONSON, Respondent. (Supreme Court, Appellate Term, First Department. April 30, 1896.) Action by Ruth Purcell, an infant, etc., against Rudolph Aronson. M. Strassman, for appellant. Guggenheimer, Untermeyer & Marshall, for respondent.

DALY, P. J. The plaintiff's testimony shows that she was first sent for by a Mr. Chase in

the office; that she saw Mr. Aronson, who referred her to Mr. Bond, and Mr. Bond employed her; that Mr. Aronson referred her to Mr. Bond for the work which she was to do. This would be sufficient to make out a case of hiring by Mr. Aronson, and it was for him to show that he was acting as agent, and was acting within the scope of his authority in hiring her; also, that she was given to understand by some kind of notice that he was only acting on behalf of the company. Whitman v. Johnson, 10 Misc. Rep. 725, 31 N. Y. Supp. 805; Kahn v. Weill, 9 Misc. Rep. 150, 29 N. Y. Supp. 53; Mahony v. Kent, 7 Misc. Rep. 726, 28 N. Y. Supp. 19. It is manifest, from her evidence in this case, that she understood Mr. Aronson was her employer because he was manager of the theater; and it is to prevent parties being misled in parting with their services or their property to persons who seek to avoid responsibility on a claim of agency that the rule requires not only agency must be proved, but notice. The record in this case is barren of any proof of that kind. It is not shown that Mr. Aronson had any power to employ a typewriter for the Casino Company. That was the first requisite to a defense of this character. The next is that there was no proof that he disclosed to her, or that there were circumstances disclosed to her, by which she knew that she was employed by the corporation or for the Casino Company. Defendant failed to establish such notice. In addition to the cases cited, we passed upon the same question in Hespe v. Wyman (Sup.) 37 N. Y. Supp. 652. That leaves the only question whether there was any evidence of employment by Mr. Aronson sufficient to hold him personally. We think that there was evidence of employment by him, and that she might fairly understand that he employed her. We reverse the judgment, and order a new trial, with costs to the appellant to abide the event.