(18 Misc. Rep. 64.)

### KELLEY v. FAULHABER et al.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

PARTIES—MISJOINDER—MODE OF RAISING OBJECTION.
  An action cannot be dismissed, as against one of the defendants, on the ground that two causes of action were joined against two different defendants, unless there was a demurrer, or a plea of misjoinder.

Appeal from Ninth district court.

Action by Charles F. Kelley against Mary J. Faulhaber and Philip Faulhaber. There was a judgment in favor of plaintiff, and defendant Mary J. Faulhaber appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Bernard J. Isecke, for appellant.

James C. De La Mare, for respondent.

McADAM, J. This is an appeal by the defendant Mary J. Faulhaber, wife of the co-defendant Philip Faulhaber, from a judgment in favor of the plaintiff against both defendants.. The action was on an assigned claim for professional services alleged to have been rendered by James C. De La Mare, an attorney and counselor, to the defendants. There is no dispute as to the rendition and value of the services. The question is whether they were rendered to Philip Faulhaber, the husband, the wife merely acting in respect to the employment as his agent; or whether the work was done on the retainer of both defendants, for their joint benefit; or whether, irrespective of the latter feature, she, by any act of hers, made herself personally liable for the bill. Prior to the performance of the work in question the plaintiff's assignor had rendered professional services for the defendants jointly in an action by Smith & Sills, in the court of common pleas, to set aside as fraudulent a conveyance of certain real estate made by Philip Faulhaber to his wife, in which action both were parties; and the services therein, the value of which was fixed at $50, were paid for by Mrs. Faulhaber. The present demand consists of three parts:

(1) Services in dispossess case of Mary Faulhaber (not the appellant) against Philip Faulhaber............................................. $ 30
(2) Services in arranging compromise of judgment held by Smith & Sills against Philip Faulhaber........................................... 25
(3) Services in examining title to two houses and lots on Third avenue.. 100

$155

The precept in the dispossess case was taken to Mr. De La Mare by Mrs. Faulhaber, who employed him to defend it. She claimed the right of possession to the property, which she said was perpetual in its nature, and of as high a character as that asserted by the person who instituted the proceeding as landlord. The second item was for effecting a compromise of the judgment against Philip Faulhaber, upon which Smith & Sills had filed their creditors' bill before mentioned. It appears that the defendants succeeded in the creditors' action, whereupon Smith & Sills advertised for sale all the right, title, and interest which the judgment debtor had in the

property. The judgment was for $946.31, and, with the interest thereon, amounted to about $1,200. The record title to the property stood in the name of Philip Faulhaber, but he had previously executed a deed thereof to his wife, who claimed title thereunder as the true owner. It was deemed advisable to get rid of the judgment, and obviate the embarrassment of a sale by the sheriff. Mr. Faulhaber testified that his wife was as much interested in getting rid of this judgment as he was, and that she had everything to do with the transaction; and she testified that the business carried on by the defendants belonged to her. The appellant retained the plaintiff's assignor to try and compromise the judgment, and he succeeded in inducing the judgment creditors' attorney to agree to accept $900 in settlement. It then became necessary to raise the money to carry out the compromise, and Mr. De La Mare was instructed to obtain a loan of $1,000 for the purpose. He induced a client of his to agree to loan the money, provided he examined the title and guarantied that everything was satisfactory. Mrs. Faulhaber was informed of this, and told him "to examine the title and compromise the judgment, and she would pay for it," and to get the thing through as fast as he could. She had no abstract, and De La Mare had to go over the records, and make his searches without any aid other than that furnished by the records themselves; and the result of his labors appears by an informal abstract annexed to, and made part of, the justice's return. After the attorney had completed his work, Mrs. Faulhaber notified him that she had arranged for a loan of $1,200 from Smith Williamson, and that his services were no longer required. He expressed his indignation at the treatment, and thereafter assigned his claim to the plaintiff, who brought suit thereon, which resulted in the judgment appealed from. After the execution of the mortgage to Williamson, Philip Faulhaber deeded the property to his wife, subject to the mortgage; and, in a partition suit subsequently brought, she received the share of the proceeds of sale which would have gone to her husband if the transfer to her had not been made. The plaintiff's assignor testified that his dealings were all through Mrs. Faulhaber, in her individual capacity; that she did all the consulting, and was the active party throughout all the transactions.

The facts stated sufficiently show that Mrs. Faulhaber was interested in all the matters respecting which the services were rendered, and that, if not liable therefor jointly with her husband, she was individually bound to pay for them. There was no plea of misjoinder of parties, and when the plaintiff rested there was no motion made to dismiss the action, or any suggestion made against its form. Upon the conclusion of the case a motion was made to dismiss as to Mrs. Faulhaber on the ground "that sufficient facts have not been shown to constitute a cause of action." and that the plaintiff has "joined two causes of action against two different defendants." The evidence sufficiently established a cause of action against Mrs. Faulhaber, and the motion to dismiss on that ground was properly denied; and as there was no demurrer, or plea of misjoinder, the action could not be dismissed as to her upon the

technical ground assigned,—that two causes of action had been joined against two different defendants. No motion to dismiss was made as to the husband, and, as he has not appealed, the wife, if liable, cannot complain that the judgment, as to him, was unauthorized. The appellant urges that throughout the entire matter she acted only as the agent of her husband, and by his authority, and that the transaction disclosed her agency; hence she incurred no personal responsibility. The trouble with this argument is that the facts, as found by the justice and sustained by the evidence, will not permit the application of the rule invoked; for her personal interest in all the matters respecting which compensation is claimed presumptively establishes that she was, to an extent at least, acting for her own benefit and on her own account, as principal, and if she was likewise acting for her husband, to the extent to which he was interested, the action was properly brought against both jointly, and all objection to its form at once disappears. "Wherever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose, but, on the other hand, there should be words of severance, in order to produce a several responsibility or a several right." Pars. Cont. (6th Ed.) p. 11. Notwithstanding the beneficial interest which she had in the various proceedings, the wife might have avoided personal responsibility, if, in employing the attorney, she had made known the fact that she was acting only on her husband's account, and as his agent, so as to imply an exclusive credit to him. Story, Partn. § 134. But, in order to obtain the benefit of this exemption, she was bound to establish to the satisfaction of the justice that she disclosed to De La Mare that she was acting as agent only, and did not intend to make herself liable as principal. Whitman v. Johnson, 10 Misc. Rep. 725, 31 N. Y. Supp. 805. For, as Story says in his work on Agency (section 266):

"A person contracting as agent will be personally responsible, where at the time of making the contract he does not disclose the fact of his agency, but he treats with the other party as being himself the principal; for in such a case it follows, irresistibly, that credit is given to him on account of the contract."

The record is devoid of evidence that the appellant made any such disclosure, and the inference is that, to the extent to which she was interested, the plaintiff's assignor was to treat the wife as dealing upon her individual credit. The question as to whom credit was given was one of fact (Story, Ag. §§ 279, 280; Graham v. O'Niel, 2 Hall, 474; Meeker v. Claghorn, 44 N. Y. 349; Coal Co. v. Edwards, 4 Hun, 432; Cobb v. Knapp, 27 Am. Rep. 51; Wells, Law & F. §§ 60, 113), and was decided adversely to the appellant. Indeed, when the inferences to be drawn from the testimony are not clear and incontrovertible, and men of ordinary judgment might differ as to its significance, it is the exclusive province of the jury to pass upon the questions involved. People v. Conroy, 97 N. Y. 62; Thurber v. Railroad Co., 60 N. Y. 331; Powell v. Powell, 71

N. Y. 71; Hart v. Bridge Co., 80 N. Y. 622; Payne v. Railroad Co., 83 N. Y. 572.

The judgment must be affirmed, with costs.　All concur.