FORREST v. McCARTHY.

(Supreme Court, Appellate Term.　December 28, 1899.)

1. AGENT'S LIABILITY AS PRINCIPAL.
   An agent is liable as principal unless the person dealing with him is aware that he acted merely as an agent.

2. SAME—UNDISCLOSED AGENCY—EVIDENCE.
   Plaintiff, on the ground that defendant failed to disclose his agency, sought to charge him as principal for the loss of goods stored with his principals, warehouse proprietors. She testified to previous dealings with the same concern, and to a similar contract with defendant's predecessor, the manager thereof, whom she referred to by name, and explicitly identified as the "manager." She likewise designated defendant as the manager during the time in question, and from a letter introduced in evidence it appeared that she knew she was dealing with the concern who employed him. *Held*, that defendant was not liable.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Clara Forrest against John McCarthy. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Fluegelman & Bach, for appellant.
Bennett & Silverman, for respondent.

LEVENTRITT, J.　The plaintiff in this action seeks to charge the defendant as principal on the ground that he failed to disclose that he was acting merely in a representative capacity.　The suit is brought to recover for the loss of certain articles stored with the Continental Storage Warehouse.　A preliminary interview was had with the defendant, pursuant to which the goods were sent for storage.　It appears that the defendant was simply a clerk in the employ of the proprietors of the Continental Storage Warehouse, who were also the owners of the premises it occupied; but it does not appear that these facts were, at the time of the bailment, directly communicated to the plaintiff.　The transactions were conducted entirely by the defendant, and, unless the plaintiff was aware that he was merely an agent, he would be liable as a principal.　Brockway v. Allen, 17 Wend. 42; Whitman v. Johnson, 10 Misc. Rep. 725, 31 N. Y. Supp. 1009; Cobb v. Knapp, 71 N. Y. 348.　Her own testimony, however, clearly indicates that she was consciously dealing with him as the representative of the Continental Storage Warehouse.　She testifies to previous dealings with the same concern, and to a similar contract, made through the defendant's predecessor, whom she refers to by name, and explicitly identifies as the then "manager" of the warehouse.　She likewise designates the defendant as the manager during the time of the arrangements here under consideration.　From her statements, and from a letter introduced in evidence, she knew that she was dealing with a concern known as the Continental Storage Warehouse, and her admissions negative the idea of a contractual relation with the defend-

ant. Under these circumstances the justice was right in holding that the proper party defendant was not before the court.

Judgment affirmed, with costs to the respondent. All concur.

