YARSLOWITZ v. BIENENSTOCK.

(Supreme Court, Special Term, Kings County. June, 1910.)

PRINCIPAL AND AGENT (§ 146*) — UNDISCLOSED PRINCIPAL — LIABILITY OF AGENT—TORT LIABILITY.

One who employed plaintiff to work on a building, concealing from him the fact that he was not the owner, is liable to plaintiff for negligent injuries as if he were the owner; the rule being the same in tort as in contract actions.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 521; Dec. Dig. § 146.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles Yarslowitz against Moris Bienenstock. On demurrer to the complaint. Demurrer overruled, with leave to answer.

See, also, 141 App. Div. 64, 125 N. Y. Supp. 649.

Charles G. Ognibene, for plaintiff.

James M. O'Neil, for defendant.

KELLY, J. The plaintiff complains that defendant employed him to work upon a building, representing himself to be the owner or concealing the fact that he was not the owner. The facts alleged in the complaint may be interpreted either way or both ways under the liberal rules applicable in case of demurrer.

Defendant told the plaintiff to go to his (defendant's) foreman, and plaintiff never knew that he was working on a building owned by some one other than defendant until after his injury. In such case the defendant is liable in the same manner as though he were the principal, and the rule is applied in cases of tort as well as contract. The complaint is full of unnecessary allegations explaining the facts of defendant's agency, all of which were unknown to plaintiff when he was employed and when he was injured, and why he pleads them I do not know. The plaintiff is not without authority and precedent for his action despite the research of the learned counsel for defendant, who says that in 340,000 reported cases he can find none like the one at bar. See Story on Agency, §§ 266–290; Mechem on Agency, § 576; Mahoney v. Kent, 7 Misc. Rep. 726, 28 N. Y. Supp. 19; Cook v. Williams, 85 N. Y. Supp. 1123; Manufacturing Co. v. Jenkins, 29 App. Div. 403, 51 N. Y. Supp. 1028; Cobb v. Knapp, 71 N. Y. 348, 27 Am. Rep. 51; Malone v. Morton, 84 Mo. 436.

The demurrer is overruled, with costs, with leave to defendant to answer upon payment of costs.