FRANCISCO PORRATA DORIA, Petitioner and Appellant, v. JESÚS MARÍA FIGUEROA, Warden of the Municipal Jail of Guayama, Respondent and Appellee.

No. 3665. Argued March 7, 1929.—Decided June 16, 1930.

*A. Alvarado* for petitioner. *José E. Figueras* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Upon a complaint having been filed against the "Asociación Industrial Guayamesa, Inc.", a corporation, charging a violation of the Weights and Measures Act, the Municipal Judge of Guayama summoned its president, Francisco Porrata Doria, for the purposes of the investigation required by section 453 of the Code of Criminal Procedure in proceedings against corporations. The said president appeared and refused to answer certain questions put to him and to subscribe the deposition given by him, on the ground that it incriminated the corporation. The judge then ordered the arrest of the said Porrata Doria and set a day for him

to appear and show cause why he should not be punished for contempt, and finally sentenced him to two days in jail. Thereupon Porrata filed a petition for habeas corpus in the District Court of Guayama for his release and alleged that his imprisonment was illegal. His petition was denied, and from such denial the present appeal has been taken. He was admitted to bail and filed a bond.

It will suffice for a determination of this case to consider and decide jointly the first two errors assigned by the appellant, which read as follows:

"1. The lower court erred in holding in its opinion, as a basis for its judgment, that the defendant was not justified in alleging in his petition that when the Judge of the Municipal Court of Guayama submitted him to the examination which gave rise to the prosecution for contempt, that judge was not acting as such, but as a committing magistrate.

"2. The lower court erred in holding in its opinion, as a basis for its judgment, that the Municipal Court of Guayama had jurisdiction of the matter for the purpose of punishing the appellant for contempt."

The *Fiscal* of this court agrees that the two errors thus assigned exist, and asks for a reversal of the judgment appealed from.

Sections from 453 to 460 inclusive of the Code of Criminal Procedure prescribe the procedure to be followed on the filing of a complaint setting forth a criminal charge against a corporation, and provide that the justice of the peace (or the municipal judge, where no justice of the peace is available) shall summon the corporation through its president or any other officer to appear and answer the charge; that the said judicial officer shall proceed to investigate the charge in the same manner as in the case of a natural person, as far as those proceedings are applicable; that after hearing the proofs, he shall certify whether or not there is sufficient cause to believe the corporation guilty of the offense charged, and shall return the deposition and the certificate to the

proper judge; and that if he returns a certificate that there is sufficient cause to believe the corporation guilty of the offense charged, the prosecuting attorney shall file an information thereon as in the case of a natural person held to answer.

It will be seen from the above provisions, that the justice of the peace, or the municipal judge in a proper case, is not acting as such, but only as a committing magistrate, since once the inquiry conducted by him terminates, he should cease acting upon it, so that if there is sufficient cause the prosecuting attorney may file the proper information. That being so, the conclusion must.be reached that such a committing magistrate has no power to punish for contempt, because that power is solely and exclusively conferred upon courts of justice. According to section 5560 of the Revised Statutes, the Supreme Court, the district courts, and any other similar court duly established in Puerto Rico, are the ones vested with power to punish for contempt. It thus appears that the said power has not been conferred on judges while they are acting as committing magistrates, but only when they are acting as a court. With regard to similar officers, we find the following in a note to the case of *Farnham* v. *Colman,* 117 A.S.R. 957:

"Commissioners and Referees.—Courts often appoint persons, or avail themselves of persons already appointed or designated by law, for the purpose of taking evidence and sometimes of reporting their conclusions thereon, and to this extent assisting in the discharge of judicial functions. Witnesses summoned to appear may refuse to do so, or after appearing, may refuse to testify at all, or, though testifying to some extent, may refuse to answer some proper question put to them, and persons other than those summoned as witnesses may refuse to obey some lawful order made by a commissioner or referee. There are decisions maintaining that these officers may enforce obedience to their process or orders by attachment and punishment for contempt; People v. Miller, 9 Misc. Rep. 1, 29 N. Y. Supp. 305; People v. Learned, 5 Hun, 626; Commonwealth v. Newton, 1 Grant· Cas. 453. The better view, however, is that, even when the acts in question amount to contempt, they are not contempts of the

referee or commissioner, who acts merely as an agent of the court or of the law for the benefit of the law, but are contempts of court, and therefore, not punishable by the commissioner or referee; Peabody v. Harmon, 3 Gray, 113; Coburn v. Tucker, 21 Mo. 219; Bonesteel v. Lynde, 8 How. Pr. 226; In re Foodman, 1 Ohio Dec. 360; In re Remington, 7 Wis. 643; Haight v. Lucia, 36 Wis. 355; Stuart v. Allen, 45 Wis. 158. Where they are such, the court may punish for contempt and award the proper punishment if the person attached is found guilty: In re Haldron, 10 Mont. 222, 25 Pac. 101; In re Seeley, 6 Abb. Pr. 217; La Fontaine v. Southern Underwriters Assn., 83 N. C. 132; Bradley F. Co. v. Taylor, 112 N. C. 141, 17 S. E. 69. With respect to commissioners of the United States courts, their want of power to punish for contempt is too well settled to be the subject of controversy: Ex parte Doll, Fed. Cas. No. 3968; In re Mason, 43 Fed. 510; Elting v. United States, 27 Ct. of Cl. 158; United States v. Beavers, 125 Fed. 778; In re Perkins, 100 Fed. 950.''

Also at page 49, volume 13, Corpus Juris, the following is said regarding contempt:

''The power thus conferred, however, will not be extended in any degree beyond the terms of the statute conferring it, and, where conferred, the exercise of such power is sometimes made subject to the supervision of a superior court. With reference to court commissioners and referees, it has been held that such officers may punish as for contempt disobedience of their orders, but the better rule is that in the absence of express authority such officers have no such power. Neither referees in bankruptcy nor United States commissioners have power to punish for contempt, although contempt of a federal court being an offense against the United States, and United States commissioners having been given the same powers and duties as had previously been given to circuit court commissioners, one accused of such contempt may be arrested, imprisoned, or bailed by a United States commissioner as for an offense against the United States.''

It is true that in the above quotations no mention is made of judges acting as committing magistrates and not as courts sitting for the determination of questions appertaining to their jurisdiction under the law; but it seems to us that in conducting preliminary investigations their functions are

similar to those of the other officers referred to and that the same rule should apply to them. Therefore, an act of misconduct towards a judge, while he is acting as a committing magistrate, can not be punished by him as contempt of his court.

By reason of the foregoing, the order denying the petition for habeas corpus must be reversed and another entered discharging the petitioner.