FRANCISCO PORRATA DORIA, peticionario y apelante, y JESÚS MARÍA FIGUEROA, ALCAIDE DE LA CÁRCEL MUNICIPAL DE GUAYAMA, demandado y apelado.

No. 3665. *Sometido:* Marzo 7, 1929. *Resuelto:* Junio 16, 1930.

A. *Alvarado,* abogado del peticionario-apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La corporación Asociación Industrial Guayamesa Inc. fué denunciada por infracción de la ley de pesas y medidas y el juez de la Corte Municipal de Guayama citó al Presidente de la misma, Francisco Porrata Doria, para practicar la investigación que ordena el artículo 453 del Código de Enjui-

ciamiento Criminal para denuncias por delitos imputados a corporaciones. Compareció dicho presidente y se negó a contestar ciertas preguntas que le fueron hechas y a suscribir la declaración que se le tomó alegando que incriminaban a la corporación. Entonces el juez ordenó el arresto de Porrata Doria, señaló día para que compareciera a mostrar causas por las cuales no debía ser castigado por desacato y en definitiva lo condenó a dos días de cárcel. Presentó entonces Porrata Doria solicitud de hábeas corpus en la Corte de Distrito de Guayama para que lo pusiera en libertad alegando que su prisión es ilegal y en definitiva fué negada su petición, negativa que motiva esta apelación. Prestó fianza para estar en libertad.

Para la resolución de este recurso bastará considerar y decidir conjuntamente los dos primeros motivos de error alegados por el apelante, que dicen así:

"1. La corte inferior erró al establecer en su opinión, como base de su sentencia, que el acusado no tenía razón al alegar en su demanda que cuando el Juez de la Corte Municipal de Guayama le sometió al interrogatorio que determinó el proceso de desacato en cuya virtud fué sentenciado, no actuaba como corte y sí como *committing magistrate.*"

"2. La corte inferior erró al establecer en su opinión, como base de su sentencia, que la Corte Municipal de Guayama tenía jurisdicción sobre la materia para castigar al apelante por desacato."

El fiscal de este tribunal está conforme en que existen ambos errores y solicita que revoquemos la sentencia apelada.

Los artículos 453 al 460 ambos inclusives del Código de Enjuiciamiento Criminal disponen el procedimiento en denuncias por delitos contra corporaciones, ordenando que el juez de paz (o el municipal donde no hubiere juez de paz) requerirá a la corporación por su Presidente o cualquier otro jefe de ella para que comparezcan a contestar los cargos hechos; que dicho funcionario judicial practicará una investigación del hecho denunciado, en la misma forma que si se tratare de un individuo particular, hasta donde fueren apli-

cables estos procedimientos; que después de oídas las pruebas certificará si existen o no causas suficientes para creer que la corporación es culpable del delito que se le imputa; que remitirá las declaraciones y la certificación al juez competente; y que si en esa certificación se manifiesta que existe causa bastante para creer que la corporación es culpable del delito que se le imputa, el fiscal debe presentar acusación como si se tratare de un individuo particular.

Por esos preceptos se've que el juez de paz o el municipal en su caso no actúa como tribunal sino solamente como investigador o instructor (*committing-magistrate*), pues hecha su investigación debe desprenderse de ella, para que si hay causa bastante proceda el fiscal a presentar la correspondiente acusación. Siendo esto así hay que llegar a la conclusión de que esos jueces investigadores (*committing-magistrates*) no pueden castigar por desacato porque esta facultad ha sido concedida única y exclusivamente a los tribunales de justicia pues la sección 5560 de los Estatutos Revisados dice que la Corte Suprema, las cortes de distrito y cualquier tribunal análogo o semejante, debidamente establecido en Puerto Rico son los que tienen facultad para castigar por desacato, resultando así que tal poder no ha sido conferido a los jueces cuando no actúan como tribunales sino como jueces investigadores o instructores. Con respecto a funcionarios similares encontramos en las notas al caso de *Farnham* v. *Colman,* 117 A.S.R. 957, lo siguiente:

"Comisionados y árbitros.—Con frecuencia las cortes designan personas o utilizan las ya designadas o nombradas por la ley con el fin de que tomen la prueba y de que a veces rindan un informe de sus conclusines sobre la misma, y en ese sentido ayudan al desempeño de las funciones judiciales. Los testigos citados para que comparezcan pueden negarse a hacerlo así, o después de comparecer pueden negarse a declarar en absoluto, o aunque declaren acerca de ciertos extremos, pueden rehusar contestar alguna pregunta pertinente que se les haga, y personas distintas a las citadas como testigos pueden negarse a obedecer alguna orden legal expedida por tal comisionado o árbitro. Hay decisiones que sostienen que estos fun-

cionarios pueden hacer que sus procesos y órdenes sean obedecidos mediante arresto y castigo por desacato. People v. Miller, 9 Misc. Rep. 1, 29 N. Y. Supp. 305; People v. Learned, 5 Hun. 626; Commonwealth v. Newton, 1 Grant Cas. 453. La mejor opinión, sin embargo, es que aun cuando los actos en cuestión equivalen a un desacato, no son desacatos cometidos contra el árbitro o comisionado, quienes actúan meramente como agentes de la corte o de la ley y en beneficio de ésta, sino que son desacatos cometidos contra la corte, y, por tanto, no pueden ser castigados por el comisionado o árbitro. Peabody v. Harmon, 3 Gray 113; Coburn v. Tucker, 21 Mo. 219; Bonesteel v. Lynde, 8 How, Pr. 226; In re Foodman, 9 Ohio Dec. 360; In re Remington, 7 Wis. 643; Haight v. Lucia, 36 Wis. 355; Stuart v. Allen, 45 Wis. 158. Cuando esas faltas se cometen la corte puede castigar por desacato e imponer la pena correspondiente si la persona arrestada es declarada culpable. In re Naldron, 10 Mont. 222, 25 Pac. 101; In re Seeley, 6 Abb. Pr. 217; La Fontaine v. Southern Underwriters Assn., 83 N. C. 132; Bradley F. Co. v. Taylor, 112 N. C. 141, 17 S. E. 69. En lo que a comisionados de las cortes de los Estados Unidos se refiere, su falta de autoridad para castigar por desacato es demasiado conocida para que sea motivo de controversia. Ex parte Doll, Fed. Cas. No. 3968; In re Mason, 43 Fed. 510; Elting v. United States, 27 Ct. of Cl. 158; United States v. Beavers, 125 Fed. 778; In re Perkins, 100 Fed. 950.''

Además, en 13 Corpus Juris página 49, tratando de desacatos, se dice:

''Sin embargo, la facultad así conferida no se extenderá en modo alguno más allá de los términos mismos del estatuto que la confiere, y al ser otorgada, el ejercicio de la misma se hace a veces estar sujeto a la revisión por parte de una corte superior. En lo que a comisionados y árbitros de las cortes atañe, se ha resuelto que tales funcionarios pueden castigar por desacato las desobediencias de sus órdenes, pero la mejor regla es que en ausencia de autoridad expresa, esos funcionarios no tienen tal facultad. Los jueces de quiebra y los comisionados de los Estados Unidos tampoco tienen facultad para castigar por desacato, aunque un desacato cometido contra una corte federal es una ofensa contra los Estados Unidos y habiéndoseles dado a los comisionados de los Estados Unidos las mismas facultades e impuéstoseles los mismos deberes 'que tenían los comisionados de las cortes de circuito, un acusado de desacato puede ser arrestado, encarcelado o puesto bajo fianza por un comisionado de

·los Estados Unidos como si se tratara de un delito contra los Estados Unidos.''

Es cierto que en las citas hechas no se mencionan los jueces cuando actúan como investigadores y no como tribunales para la resolución de las cuestiones en que tienen jurisdicción concedida por la ley, pero nos parece que cuando hacen investigaciones tienen funciones similares a las de esas ctras personas y que la misma regla debe serles aplicable. Por consiguiente, los desacatos cometidos a un juez cuando actúa como instructor no puede castigarlos ese mismo juez como desacato a su corte.

*Por lo expuesto la resolución declarando sin lugar la solicitud de hábeas corpus debe ser revocada y dictarse otra decretando la libertad del peticionario.*